IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLIED WORLD NATIONAL ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| v. | ) ) | |
| JAMES R. BLOCH, PHILLIP DAMASKA, ED MOPAS, JOHN HOGARTH, R. PAUL HIRT, JR., EXIDE TECHNOLOGIES, and CRAIG R. JALBERT, IN HIS CAPACITY AS TRUSTEE OF THE VERNON TORT CLAIMS TRUST, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF ALLIED WORLD NATIONAL ASSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allied World National Assurance Company ("Allied World"), by and through its attorneys, for its Complaint and claims for relief against James R. Bolch, Phillip Damaska, Ed Mopas, John Hogarth, R. Paul Hirt, Jr. (collectively, the "Insured Persons"), Exide Technologies ("Exide"), and Craig R. Jalbert, in his capacity as Trustee of the Vernon Tort Claims Trust (the "Tort Trustee" and, collectively with the Insured Persons and Exide, "Defendants"), alleges as follows:

NATURE OF THE ACTION

1. Allied World seeks a declaratory judgment concerning the parties' rights and obligations under Executive Forcefield Side 'A' Directors & Officers Excess and Lead Difference-in-Conditions ("DIC") Insurance Policy Number 0305-5616 (the "Allied World Policy") issued by Allied World to the Insured Persons. Specifically, Allied World seeks a declaration that insurance coverage is not available and a declaration of its other rights under the Allied World Policy with respect to a complaint (the "First Consolidated Complaint") filed

against the Insured Persons by a number of plaintiffs (the "Vernon Tort Claimants") alleging that the Insured Persons violated various pollution control rules and regulations and misled the public and environmental regulators regarding lead and arsenic contamination at Exide's battery recycling plant in Vernon, California (the "Vernon Tort Litigation" or the "Vernon Tort Claims").

2.      On June 20, 2013, Exide filed its petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. On March 27, 2015, Exide filed its Fourth Amended Plan of Reorganization.

3.      The Fourth Amended Plan of Reorganization provides for the creation of the "Vernon Tort Claims Trust" for the benefit of the Vernon Tort Claimants. As part of the Vernon Tort Claims Trust, Exide, the Insured Persons, the Tort Trustee and other parties entered into the "Vernon Tort Claims Term Sheet," which sets forth "a consensual resolution of the treatment of the Vernon Tort Claims under Exide's Plan of Reorganization."

4.      As part of the Vernon Tort Claims Term Sheet, the Vernon Tort Claims Trust and the Vernon Tort Claimants released all claims against the Insured Persons, and the Vernon Tort Claimants and the Vernon Tort Claims Trust "shall not seek to satisfy any settlement, judgment or other recovery they may obtain from the person or other assets of" the Insured Persons.

5.      The Vernon Tort Claims Term Sheet further provides that the Tort Trustee shall be permitted to continue, from and after the Plan Effective Date, "to seek civil recoveries from Exide and Exide Parties [i.e., the Insured Persons] on account of the Vernon Tort Claims, ___**with recourse only to applicable insurance**___, if any, which may provide coverage to Exide or any Exide Party on account of such action . . . [emphasis added]."

17432735v.1

6.      As discussed below, Allied World seeks a declaratory judgment that:

a.      Coverage is not available under the Allied World Policy for the Vernon Tort Claims and Allied World has no obligation to pay Loss, including Defense Costs, because by entering into the Vernon Tort Claims Term Sheet, the Insured Persons offered to settle and/or entered into a settlement agreement without Allied World's prior written consent;

b.      Coverage is not available under the Allied World Policy for the Vernon Tort Claims and Allied World has no obligation to pay Loss, including Defense Costs, because the Insured Persons are not now and can never become "legally obligated to pay as a result of" the Vernon Tort Claims;

c.      The Allied World Policy applies only as excess over any other valid and collectible insurance and is specifically excess over any other valid and collectible insurance pursuant to which any other insurer has a duty to defend; and

d.      Notwithstanding the other coverage issues, there is no "Non-Indemnified Loss" under the Allied World Policy because Exide has agreed to indemnify some or all of the Insured Persons, up to a maximum of $1 million.

<u>PARTIES</u>

7.      Plaintiff Allied World is a corporation organized under the laws of New Hampshire with its principal place of business in New York, New York.

8.      Upon information and belief, Defendant James R. Bolch is a citizen and resident of the State of Georgia and an Insured Person under the Allied World Policy.

9.      Upon information and belief, Defendant Philip Damaska is a citizen and resident of the State of Georgia and an Insured Person under the Allied World Policy.

10.     Upon information and belief, Defendant Ed Mopas is a citizen and resident of the State of California and an Insured Person under the Allied World Policy.

11.     Upon information and belief, Defendant John Hogarth is a citizen and resident of the State of California and an Insured Person under the Allied World Policy.

12.    Upon information and belief, Defendant R. Paul Hirt, Jr., is a citizen and resident of the State of Georgia and an Insured Person under the Allied World Policy.

13.    Defendant Exide is a corporation organized under the laws of Delaware with its principal place of business in Milton, Georgia. Exide is the "Company" referenced in the Allied World Policy but is not an Insured under the Allied World Policy.

14.    Defendant Craig R. Jalbert is the Trustee of the Vernon Tort Claims Trust established as part of the reorganization of Exide under Chapter 11 of the Bankruptcy Code, in United States Bankruptcy Court for the District of Delaware, Case No. 13-11482 (KJC).  The Vernon Tort Claims Trust is located in Los Angeles, California.

## JURISDICTION AND VENUE

15.    This Court has original jurisdiction over this declaratory judgment action based upon 28 U.S.C. § 1332(a) because no Plaintiff is a citizen of the same state as a Defendant and the amount in controversy exceeds, exclusive of interest and costs, $75,000.

16.    This Court also has jurisdiction over this declaratory judgment action under 28 U.S.C. § 2201, *et seq.*

17.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE ALLIED WORLD POLICY

18.    Allied World issued the Allied World Policy to the Insured Persons for the Policy Period May 5, 2012 to June 1, 2015, with an aggregate limit of liability of $10 million, which is excess of $50 million in total underlying limits (the "Allied World Policy").  A copy of the Allied World Policy is attached hereto as Exhibit A.

19.    Pursuant to Section 2 of the Allied World Policy ("Follow Form Clause"), the Allied World Policy shall follow and be subject to the terms and conditions of Federal

Insurance Company policy number 8223-7519 (the "Followed Policy"), except as otherwise specifically set forth in the Allied World Policy. A copy of the Followed Policy is attached hereto as Exhibit B.

20.     Allied World does not assume any duty to defend under the Allied World Policy. Instead, pursuant to Section 8 of the Allied World Policy (the "Claim Participation and Cooperation Clause"), the Insured Persons "shall defend and contest any **Claim** made against them."

21.     The Allied World Policy does not provide coverage for Exide or any other entity, and only provides coverage for "**Non-Indemnified Loss** incurred by the **Insured Persons** arising from any **Claim** first made during the **Policy Period** (or Discovery Period if applicable), and reported to the **Insurer** in accordance with the terms of this policy, against such **Insured Person** for any **Wrongful Act**."

22.     "Non-Indemnified Loss" is defined in the Allied World Policy as:

(i)      **Loss** for which the **Company** or, if applicable, the **Outside Entity** is neither permitted nor required to indemnify or advance;

(ii)     **Loss** for which the **Company** or, if applicable, the **Outside Entity** refuses to indemnify or advance, or is financially unable to indemnify or advance; or

(iii)    **Loss** for which the **Company** or, if applicable, the **Outside Entity** fails, within sixty (60) days after a request by or on behalf of the **Insured Person**, to indemnify or advance.

23.     The Allied World Policy follows form to the definition of "Loss" in the Followed Policy, which means "the amount which any **Insured** becomes legally obligated to pay as a result of any **Claim**."

17432735v.1

24.     The Claim Participation and Cooperation Clause in the Allied World Policy provides:

> The **Insurer** does not assume any duty to defend. However, the **Insurer** shall have the right, but not the duty, to fully and effectively associate with the **Insured Person(s)** in the control, investigation, defense and settlement of any **Claim**.
>
> The **Insured Person(s)** shall defend and contest any Claim made against them. The **Insured Persons** shall not admit or assume any liability, offer to settle, enter into any settlement agreement, or stipulate to any judgment without the prior written consent of the **Insurer**, such consent not to be unreasonably withheld. As a condition precedent to coverage under this policy for a settlement amount, stipulated judgment or judgment, the following is required: (i) with respect to settlements or stipulated judgments, the Insurer's written consent to the terms of the settlement or stipulated judgment must be obtained in advance, or (ii) with respect to all other judgments, the **Insurer** must have been permitted, upon its request, to fully and effectively associate in the defense of the **Claim**.

25.     Section 12 of the Allied World Policy (the "Other Insurance and Indemnification Provision") provides, in relevant part:

> The insurance provided by this policy shall apply only as excess over any other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limit of Liability provided by this policy. This policy shall specifically be excess of any other valid and collectible insurance pursuant to which any other insurer has a duty to defend a **Claim** for which this policy may be obligated to pay **Loss**.

### THE VERNON TORT LITIGATION

26.     Beginning in December 2014, various plaintiffs filed the Vernon Tort Litigation in California state court against Exide and the Insured Persons arising from alleged environmental contamination at Exide's battery recycling plant in Vernon, California.

27.     On July 15, 2016, the plaintiffs filed the First Consolidated Complaint alleging that Exide's officers, directors, and managers violated various pollution control rules and regulations and misled the public and environmental regulators regarding lead and arsenic contamination at the Vernon recycling plant, resulting in death and injury. A copy of the First Consolidated Complaint is attached hereto as Exhibit C.

28.     The plaintiffs in the Vernon Tort Litigation allege that the risks of exposure to lead and arsenic from Exide's Vernon plant were not known to them until sometime after April 24, 2013, when the Vernon plant was shut down by the California Department of Toxic Substance Control.

29.     The plaintiffs allege that as a proximate result of the pollution trespasses committed by Exide, acting by and through the individual defendants, the plaintiffs have suffered, and continue to suffer, injuries to their persons and to their property, including mental and emotional distress.

30.     The First Consolidated Complaint contains causes of action for: (1) Negligence; (2) Negligence Per Se; (3) Strict Liability for Ultrahazardous Activity; (4) Misrepresentation and Fraudulent Concealment; (5) Nuisance; (6) Trespass; and (7) Injunctive and Restitutionary Relief Pursuant to Business and Professions Code, § 17200.

31.     The plaintiffs seek past and future general damages, past and future medical and incidental expenses, past and future loss of earnings and/or earning capacity, past and future damages to property and property value, future medical monitoring costs, prejudgment interest, past and future mental and emotional distress, punitive damages, loss of consortium damages, and past and future costs of suit.

17432735v.1

32.     Subject to a reservation of rights, Allied World is currently advancing Defense Costs for the Insured Persons in the Vernon Tort Litigation.

EXIDE BANKRUPTCY AND THE VERNON TORT CLAIMS TERM SHEET

33.     On June 10, 2013, Exide filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Delaware (Case No. 113-11482).

34.     On March 27, 2015, Exide filed its Fourth Amended Plan of Reorganization. The Fourth Amended Plan of Reorganization provided for the creation of the "Vernon Tort Claims Trust" for the benefit of the Vernon Tort Claimants.

35.     According to Section 8.2 of Exide's Fourth Amended Plan of Reorganization, "the Vernon Tort Claims Trust shall assume all liability and responsibility for all Vernon Tort Claims, including the administration thereof as described in this Plan and the Vernon Tort Claims Term Sheet, and the Debtor and Reorganized Debtor shall have no further financial or other responsibility or liability therefor."

36.     As part of the Vernon Tort Claims Trust, and without Allied World's knowledge or consent, the Insured Persons entered into a settlement agreement—the "Vernon Tort Claims Term Sheet"—which sets forth "a consensual resolution of the treatment of the Vernon Tort Claims under Exide's Plan of Reorganization." A copy of the Vernon Tort Claims Term Sheet is attached hereto as Exhibit D.

37.     As part of the Vernon Tort Claims Term Sheet, the Vernon Tort Claims Trust and the Vernon Tort Claimants released all claims against the Insured Persons, and the Vernon Tort Claimants and the Vernon Tort Claims Trust "shall not seek to satisfy any settlement, judgment or other recovery they may obtain from the person or other assets of" the Insured Persons.

17432735v.1

38. The Vernon Tort Claims Term Sheet provides that the Tort Trustee:

> [S]hall be permitted to continue, from and after the Plan Effective Date, to seek civil recoveries from Exide and Exide Parties [i.e., the Insured Persons] on account of the Vernon Tort Claims, with recourse only to applicable insurance, if any, which may provide coverage to Exide or any Exide Party on account of such action (except that Exide and Exide Parties may be named as party defendants solely to the extent necessary to ensure that applicable insurance coverage for such parties are implicated in such litigation) for the purpose of augmenting the Trust for the benefit of the beneficiaries of the Vernon Tort Claims Trust (the "Recovery Litigation").

39. Under the Vernon Tort Claims Term Sheet, the Insured Persons will not incur fees or costs to defend the Recovery Litigation.

40. On March 27, 2015, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Fourth Amended Plan of Reorganization of Exide Technologies*, pursuant to which the Bankruptcy Court approved the Vernon Tort Claims Term Sheet and confirmed the Plan.

41. The Vernon Tort Plaintiffs are being represented by a "consortium" by four plaintiffs' law firms. On August 3, 2015, one of the plaintiffs' law firms sent a letter to Allied World demanding the full limits of the Allied World Policy, and stating that "the Plan provides that, as counsel for the Trust and its beneficiaries, we would pursue all remedies and available insurance to further contribute to the Trust." The letter states that "inasmuch as the aggregate claims of the Trust and its beneficiaries will likely exceed the sum of $1,000,000,000, we hereby demand that you tender your policy limit and pay such sum in exchange for the appropriate release." A copy of the August 3, 2015 letter is attached hereto as Exhibit E.

17432735v.1

## COUNT I
## DECLARATORY JUDGMENT
**(Offer To Settle And/Or Settlement Without Allied World's Written Consent)**

42. Allied World repeats and realleges each and every allegation set forth in paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

43. The Claim Participation and Cooperation Clause in the Allied World Policy provides, in relevant part:

> The **Insured Persons** shall not admit or assume any liability, offer to settle, enter into any settlement agreement, or stipulate to any judgment without the prior written consent of the **Insurer**, such consent not to be unreasonably withheld. As a condition precedent to coverage under this policy for a settlement amount, stipulated judgment or judgment, the following is required: (i) with respect to settlements or stipulated judgments, the Insurer's written consent to the terms of the settlement or stipulated judgment must be obtained in advance, or (ii) with respect to all other judgments, the **Insurer** must have been permitted, upon its request, to fully and effectively associate in the defense of the **Claim**.

44. The Vernon Tort Claim Term Sheet "sets forth the terms and conditions for a consensual resolution of the treatment of the Vernon Tort Claims under Exide's Plan of Reorganization," and the Vernon Tort Claims Trust and the Vernon Tort Claimants released the Insured Persons from all liability.

45. Neither Exide nor any Insured Person sought or obtained Allied World's written consent to enter into the Vernon Tort Claims Term Sheet.

46. The Insured Persons, therefore, offered to settle and/or entered into a settlement agreement without Allied World's prior written consent.

47. An actual and ripe controversy exists concerning the parties' rights and obligations under the Allied World Policy.

48. Allied World is entitled to a declaration that coverage is not available under the Allied World Policy for the First Consolidated Complaint and that Allied World has no

obligation to pay Loss, including Defense Costs, because the Insured Persons offered to settle and/or or entered into a settlement agreement without Allied World's prior written consent.

## COUNT II
## DECLARATORY JUDGMENT
### (No Legal Obligation To Pay On Account Of A Claim)

49. Allied World repeats and realleges each and every allegation set forth in paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

50. The Allied World Policy only provides coverage for "Loss" which is defined in the Followed Policy, to which the Allied World Policy follows form, as "the amount which any **Insured** becomes legally obligated to pay as a result of any **Claim.**"

51. In consideration for entering into the Vernon Tort Claims Term Sheet, "the Vernon Tort Claims Trust shall not be entitled to pursue, and releases claims against" the Insured Persons, and "all Vernon Tort Claimants affirmatively release" the Insured Persons. In addition, to the extent made a party defendant in a particular Recovery Litigation, "Exide and the Exide Parties [i.e., the Insured Persons] will not incur fees or costs to defend that Recovery Litigation."

52. The Insured Persons, therefore, are not now and can never become "legally obligated to pay as a result of" the Vernon Tort Claims.

53. An actual and ripe controversy exists concerning the parties' rights and obligations under the Allied World Policy.

54. Allied World is entitled to a declaration that coverage is not available under the Allied World Policy for the First Consolidated Complaint and that Allied World has no obligation to pay Loss, including Defense Costs, because the Insured Person are not now and can never become "legally obligated to pay as a result of" the Vernon Tort Claims.

## COUNT III
## DECLARATORY JUDGMENT
### (The Allied World Policy is Excess)

55.     Allied World repeats and realleges each and every allegation set forth in paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56.     Section 12 of the Allied World Policy (the "Other Insurance and Indemnification Provision") provides, in relevant part:

> The insurance provided by this policy shall apply only as excess over any other valid and collectible insurance whether such insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limit of Liability provided by this policy. This policy shall specifically be excess of any other valid and collectible insurance pursuant to which any other insurer has a duty to defend a **Claim** for which this policy may be obligated to pay **Loss**.

57.     Exide and the Insured Persons have provided notice of the Vernon Tort Litigation to numerous other insurers, including insurers with duty to defend policies.

58.     After the Insured Persons failed to appear at a March 1, 2016 status conference in the Vernon Tort Litigation, on March 2, 2016, the court ordered the Vernon Tort Plaintiffs to "inform ***the relevant insurers*** in this action that unless responsive pleadings are filed by April 4, 2016, plaintiffs must take defaults on all non-responsive defendants." (Emphasis added).

59.     Subject to a reservation of rights, Allied World is currently advancing Defense Costs for the Insured Persons in the Vernon Tort Litigation.

60.     Allied World has not received the coverage positions issued by each of the "relevant insurers" referenced in the court's March 2, 2016 Order.

61.     An actual and ripe controversy exists concerning the parties' rights and obligations under the Allied World Policy.

17432735v.1

62.    Allied World is entitled to a declaration that the Allied World Policy is excess over other valid and collectible insurance, including, but not limited to, valid and collectible insurance pursuant to which any other insurer has a duty to defend.

## COUNT IV
## DECLARATORY JUDGMENT
### (No Non-Indemnified Loss)

63.    Allied World repeats and realleges each and every allegation set forth in paragraphs 1 through 62 of this Complaint, as if fully set forth herein.

64.    The Allied World Policy only provides coverage for "Non-Indemnified Loss" which is defined as:

> (i)    **Loss** for which the **Company** or, if applicable, the **Outside Entity** is neither permitted nor required to indemnify or advance;
>
> (ii)    **Loss** for which the **Company** or, if applicable, the **Outside Entity** refuses to indemnify or advance, or is financially unable to indemnify or advance; or
>
> (iii)    **Loss** for which the **Company** or, if applicable, the **Outside Entity** fails, within sixty (60) days after a request by or on behalf of the **Insured Person**, to indemnify or advance.

65.    Pursuant to Section 9.3 of Exide's Fourth Amended Plan of Reorganization, the reorganized Exide entity agreed to assume and honor Exide's pre-bankruptcy petition indemnification obligations to some of Exide's current and former directors and officers, up to a maximum of $1 million.

66.    On March 27, 2015, the United States Bankruptcy Court for the District of Delaware confirmed the Fourth Amended Plan of Reorganization.

67.    An actual and ripe controversy exists concerning the parties' rights and obligations under the Allied World Policy.

17432735v.1

68. Allied World is entitled to a declaration that, notwithstanding the other coverage issues, there is no "Non-Indemnified Loss" under the Allied World Policy because Exide has agreed to indemnify some or all of the Insured Persons, up to a maximum of $1 million.

## PRAYER FOR RELIEF

WHEREFORE, Allied World respectfully requests that judgment be entered in its favor and against the Defendants, and asks this Court to:

1. Declare that coverage is not available under the Allied World Policy for the First Consolidated Complaint and that Allied World has no obligation to pay Loss, including Defense Costs, because the Insured Persons offered to settle and/or entered into a settlement agreement without Allied World's prior written consent;

2. Declare that coverage is not available under the Allied World Policy for the First Consolidated Complaint and that Allied World has no obligation to pay Loss, including Defense Costs, because the Insured Persons are not now and can never become "legally obligated to pay as a result of" the Vernon Tort Claims;

3. Declare that the Allied World Policy is excess over other valid and collectible insurance, including, but not limited to, valid and collectible insurance pursuant to which any other insurer has a duty to defend;

4. Declare that notwithstanding the other coverage issues, there is no "Non-Indemnified Loss" under the Allied World Policy because Exide has agreed to indemnify some or all of the Insured Persons up to a maximum of $1 million; and

17432735v.1

5. Award Allied World such other further relief which this Court deems just and proper.

                              Respectfully submitted,

                              WHITE AND WILLIAMS LLP

                              /s/ Marc S. Casarino
                              Marc S. Casarino (DE 3613)
                              Nicholas R. Wynn (DE 5670)
                              824 N. Market Street, Suite 902
                              Wilmington, DE  19801
                              Tel: 302-467-4520
                              Fax: 302-467-4550
                              Email: casarinom@whiteandwilliams.com
                              Attorneys for Plaintiff Allied World National
                              Assurance Company

Dated:  August 12, 2016