# EXHIBIT C

First Amended **SUMMONS** on First Consolidated ~~Complaint~~

**SUM-100**

**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** EXIDE TECHNOLOGIES; JAMES R.
**(AVISO AL DEMANDADO):** BOLCH; PHILLIP DAMASKA; ED MOPAS;
JOHN HOGARTH; R. PAUL HIRT, JR; ADVANCED CONSTRUCTORS
CORP. (formerly named as DOE 1); RANDAL BROWN
(formerly named as DOE 2); RANDAL BROWN, II (formerly
named as DOE 3), and DOES 4 TO 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ALAN SALVADOR AGUIRRE,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** a minor, by and
~~through his guardian ad litem, JOSE ISABEL AGUIRRE~~
(PLEASE SEE ADDITIONAL PARTIES ON ADDITIONAL PARTIES
ATTACHMENTS)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es:)
SUPERIOR COURT CALIFORNIA
600 South Commonwealth Avenue
Los Angeles, California 90005
CENTRAL CIVIL WEST

CASE NUMBER: BC567401
(Número del Caso):
Consolidated with BC567512
BC567758; BC567760; BC567894;
BC573733

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
THOMAS V. GIRARDI, ESQ. - SBN: 36603          (213) 977-0211  (213) 481-1554
ROBERT W. FINNERTY, ESQ. - SBN: 119775
GIRARDI | KEESE
1126 Wilshire Boulevard, Los Angeles, California 90017

DATE:                                    Clerk, by _____, Deputy
(Fecha)                                  (Secretario)                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**SUM-200(A)**

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

GUSTAVO ARIAS, a minor, by and through his guardian ad litem, MARIA ARIAS; JOCELYN AVILA, a minor, by and through her guardian ad litem, ANA MONTERO; ELIZABETH BELTRAN, a minor, by and through her guardian ad litem, KARLA PARRA; ANGEL CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; THOMAS CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; VICENTE CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; JOSE MANUEL CALDERON, a minor, by and through his guardian ad litem, ELOISA JARAMILLO; EDWARD JOSEPH CANO, a minor, by and through his guardian ad litem, THERESA JOSIE CANO; GEORGINA J. CHANG, a minor, by and through her guardian ad litem, VERONICA CHANG; SAMANTHA CHANG, a minor, by and through her guardian ad litem, VERONICA CHANG; AHILYN CUMPLIDO, a minor, by and through her guardian ad litem, MARIA VALENCIA; CRUZ CURIEL, a minor, by and through his guardian ad litem, LUCY CESENA CURIEL; CARMEN FELIX-DISCUSSION, a minor, by and through her guardian ad litem, ELIZABETH FELIX DISCUSSION; BRASCOMBE FLORES, a minor, by and through his guardian ad litem, GABRIELA FLORES; LESLY FLORES, a minor, by and through her guardian ad litem, RODRIGO FLORES; EMILY GABION, a minor, by and through her guardian ad litem, LINDA GONZALES; JAYCOB GAONA, a minor, by and through his guardian ad litem, ALEJANDRA HUSMAN; JAVIER GARCIA, a minor, by and through his guardian ad litem, GUADALUPE ERENAS; JESSIE EMANUEL GOMEZ, a minor, by and through his guardian ad litem, AZUCENA MORALES; BRYAN GONZALES, a minor, by and through his guardian ad litem, JUANA LORENZO; ISRAEL GONZALES, a minor, by and through his guardian ad litem, VICTORIA LEON; JOSE MARIA GUTIERREZ, a minor, by and through his guardian ad litem, ANA AGUILERA; ISABELLA HERNANDEZ, a minor, by and through her guardian ad litem, MELISSA MENDOZA; JENNIFER HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA RODRIGUEZ; JIMMY HERNANDEZ, a minor, by and through his guardian ad litem, MARTHA RODRIGUEZ; KAREN HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA RODRIGUEZ; EMMANUEL JIMENEZ, a minor, by and through his guardian ad litem, DOLORES SANTOS; BRANDIE N. LLAMAS, a minor, by and through her guardian ad litem, SILVIA LLAMAS; ELI M. LOPEZ, a minor, by and through her guardian ad litem, IMELDA ESPARZA; IZKOATL ANGULO LOPEZ, a minor, by and through his guardian ad litem, DIANA LOPEZ; JOSE DANILO DE ALBA LOPEZ, a minor, by and through his guardian ad litem, SONIA LOPEZ; SULEMA SAMANTHA LOPEZ, a minor, by and through her guardian ad litem, MARIA GUADALUPE LOPEZ; RICARDO MAGANO, a minor, by and through his guardian ad litem, JOSE LUIS MAGANO; LYANNA MARTIN, a minor, by and through her guardian ad litem, MARCO ANTONIO MARTIN; HECTOR MATA, JR., a minor, by and through his guardian ad litem, MARIA QUIRARTE; JACOB IAN MEDEL, a minor, by and through his guardian ad litem, EDUARDO MEDEL; MARISOL MENDOZA, a minor, by and through her guardian ad litem, MARIA ELENA RIVERA; ALLIANA CECILIA MORENO, a minor, by and through her guardian ad litem, MARIA E. SANCHEZ; JOHNNIE A. MORENO, a minor, by and through his guardian ad litem, MARIA E. SANCHEZ; JOVANNIE MATHEW MORENO, a minor, by and through his guardian ad litem, MARIA E. SANCHEZ; SAVANNAH MORFIN, a minor, by and through her guardian ad litem, MARINA MORFIN; JORGE L. NAVARRO, by and through his guardian ad litem, EDELMIRA MORALES; CARLOS ORTIZ, a minor, by and through his guardian ad litem, HORTENCIA ORTIZ; EDILBER PALACIOS, a minor, by and through his guardian ad litem, NESTOR PALACIOS; NATALIA PAZ, a minor, by and through her guardian ad litem, MARIA QUIRARTE; ANDY PEREZ, a minor, by and through his guardian ad litem, MACIEL PEREZ;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

| SHORT TITLE: AGUIRRE, ET AL., V. EXIDE TECHNOLOGIES, ET AL. | CASE NUMBER:<br>BC567401 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

COREY PEREZ, a minor, by and through his guardian a litem, MACIEL PEREZ; DIEGO ALEXANDER PEREZ, a minor, by and through his guardian ad litem, SIRIA GUZMAN; LEILANI PEREZ, a minor, by and through her guardian ad litem, ALICIA MACIEL PEREZ; ALEXIS PONCE, a minor, by and through her guardian ad litem, SILVIA ROMO; ESPERANZA N. PORTILLO, a minor, by and through her guardian ad litem, GERARDO PORTILLO; ASHLEY RAMIREZ, a minor, by and through her guardian ad litem, ANGELICA CARDENAS; KARLA RAMIREZ, a minor, by and through her guardian ad litem, ANGELICA MACIAS CARDENAS; MARY JANE RAMIREZ, a minor, by and through her guardian ad litem, JOSE RAMIREZ; AUDRINA RIOS, a minor, by and through her guardian ad litem, MARIA E. CASTILLO; ELIYAH RIOS, a minor, by and through her guardian ad litem, MARIA E. CASTILLO; EDUARDO SANCHEZ, a minor, by and through his guardian ad litem, MARIA CARRERA; ELIZABETH SANCHEZ, a minor, by and through her guardian ad litem, MARIA CARRERA; PATRICIO SOTO, a minor, by and through his guardian ad litem, RICHARD A. SOTO; THEO VINCENT URISTA, a minor, by and through his guardian ad litem, MARIA ELENA DIAZ; SARAH VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; SYDNEY VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; ABRAHAM RAMON VILLA OSORIO, a minor, by and through his guardian ad litem, LILIA OSORIO MENDOZA;MICHAEL ZERMENO, a minor, by and through his guardian ad litem, MONICA ZERMENO; MARIA ELENA BARRON, decedent by and through her successor in interest, CARLOS M. BARRON; ERNESTINA CERVANTES BAUTISTA HERNANDEZ, decedent by and through her successor in interest, CARMEN BUENROSTRO; SALVADOR BUENROSTRO, decedent by and through his successor in interest, CARMEN BUENROSTRO; PATRICIA CONTRERAS, decedent by and through her successors in interest, FERNANDO LOPEZ and ESTHER LLAMAS;JUAN JOSE GUDINO, decedent by and through his successor in interest, ORALIA GUDINO; IVONNE GUILLEN, decedent by and through her successor in interest, RUTH LARA; PAULA JIMENEZ, decedent by and through her successor in interest, EVA JIMENEZ; HERMINIA LEON, decedent by and through her successor in interest, JOSE MEJIA; TERESA LOPEZ, decedent by and through her successor in interest, MIGUEL ANGEL LOPEZ; HILDA MENDOZA, decedent by and through her successor in interest, JOSE MENDOZA;FLORENTINO MORENO, decedent by and through his successor in interest, MARIA E. SANCHEZ; RICARDO VAZQUEZ, decedent by and through her successor in interest, MARCELA SOSA; THOMAS LOPEZ; MARIA CRUZ ACENEDO; CARLOS M. BARRON; HERIBERTO BLANCAS; ARMANDO BUELNA; DAISY ASHLEY BUELNA; GLORIA BUELNA; PAULO CESAR BUELNA; CARMEN BUENROSTRO; EMANUEL CABRERA; THERESA JOSIE CANO; ANGELICA MACIAS CARDENAS; BARBARA CASQUINO; DANIEL CASQUINO; RUTH CASQUINO; FRANCISCA CONTRERAS CERVANTES; GUADALUPE CONTRERAS CERVANTES; GEORGE CHANG; VERONICA IRENE CHANG; MIGUEL ANGEL CONTRERAS (FATHER); MIGUEL ANGEL CONTRERAS (SON); ROSARIO CONTRERAS; LUISA MARIA CORRANZA;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



| SHORT TITLE: ABREO, ET AL., V. EXIDE TECHNOLOGIES, ET AL. | CASE NUMBER: BC567894 |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

LUCY CESENA CURIEL; FRANK DISCUSSION; IMELDA ESPARZA; FERNANDO GONZALEZ ESPINOSA; ALICIA ESQUIVEL; JOSE FARIAS; LETICIA FARIAS; CLEO GARCIA; PABLO GOMEZ; EDITH GONZALES; JOE GONZALES; MIKE GONZALES; ALMA FLORES GONZALEZ; IVAN LOPEZ; MIGUEL ANGEL LOPEZ; JOSE MENDOZA; RODGIGUEZ MELANIA MORA; AZAEL MUNGUIA; NATALY MUNGUIA; JESUS PLASCENCIA; JUAN PLASCENCIA; VICTOR DIAZ RAMIREZ; LUCILLE FARFAN RAMOS; MARY ELENA RODRIGUEZ; YANITZA ROSAS; ALICIA TREJO; DANIELA URISTA; ESMERALDA GONZALEZ VANEGAS; ALMA E. HERNANDEZ; ANTONIO DAVILA (FATHER); ANTONIO DAVILA (SON); RAMONA DAVILA; EVANGELIA GONZALES; JOE GONZALES; LINDA GONZALES; SOPHIA GONZALES; VERONICA GONZALES; OLIVER GUDINO; ORALIA GUDINO; SOCORRO VALENCIA GUERRERO; JOSE ANTONIO GUTIERREZ; JOSE LUIS GUTIERREZ; KARINA HERNANDEZ GUTIERREZ; MICHELLE D. GUTIERREZ; JOAQUIN GUZMAN; CARLOS HERNANDEZ; ELIZABETH HERNANDEZ; ALEJANDRA HUSMAN; CARLOS HUSMAN; OMAR HUSMAN; BRIANNA IBARRA; MARIE LANDEROS; ALEXANDRINA LARA; GUADALUPE LEON; MARIA G. LOPEZ; JOSE LUIS CARLOS MACIAS; ZOILA NOEMI MAGANA; JOSE MAGANO; JOSE LUIS MAGANO; BALDOMERO MARROQUIN; MARCO ANTONIO MARTIN; GABRIEL MARTINEZ; ARMANDO MARTOS; CYNTHIA MARTOS; INDIKIA McKENLEY; ESPERANZA MEDINA; FIDENCIO MEDINA; YOLANDA MEDINA; LUZ MENDOZA; ALEJANDRO MERAS; ABDON MERCADO; RAMON MEDINA MOJARRO; GEORGE MONTANO; MARTINEZ ROMINA MORA; MARIO MORALES; JIBERTO MORENO; MANUEL MORFIN; MARINA MORFIN; ANICETO MUNOZ; ODILON MUNOZ; ASCENSION OCHOA; ANA ROSA PADILLA; DANIEL AARON PEREZ; DOLOREZ PEREZ; ANA PLASCENCIA; VICTOR PULIDO; ERNESTO RAMIREZ; MARIA DEL CARMEN RAMIREZ; OSCAR RENE RAMIREZ; SAMANTHA CRYSTAL RAMIREZ; NESTOR U. RICO; POLY RICO; POLY H. RICO; LORENZA RIVERA; MARIA ELENA RIVERA; JUAN RODRIGUEZ; STELLA MARIS ABRAHAN; BENJAMIN T. ACOSTA; OLIVIA ALDRETE; PETER BENAVIDEZ; ROBERT M. BENAVIDEZ; GILBERTO DELGADO; ERIKA VILLICANA ESTRADA; EDUARDO FIERRO; FRANCISCO JAVIER GARCIA; LOURDES GARIBAY; EPITACIO RUIZ GONZALES; GUADALUPE GONZALES; JAVIER GONZALES, JR.; JESUS GONZALES; JOSE D. GONZALES;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons


Legal Solutions Plus

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

ROSA M. GONZALES; ISMAEL GUZMAN; DAISY HERNANDEZ; FERNANDO LLAMAS; IRENE LLAMAS; PEGGY LUCAS; JOSE LUIS MACIEL; MARIA A. MACIEL; JUANITA MARQUEZ; CIRILO MARTINEZ; EMILIANO MARTINEZ; ELVIA MEJIA; JOSE MEJIA; ELVIA MEJILLA; GERONIMA NEVAREZ; SERGIO ORTIZ; IRANI PONCE; MARGARITA ACEVEDO QUINTANA; MARCELO HERNANDEZ RAMIREZ; ARLENE I. RAMOS; ELBA ROMO; HECTOR J. ROMO; JONATHAN ROMO; SILVIA ROMO; OLGA RUIZ; ANGEL SANCHEZ; GILDA CHAPA SANCHEZ; MARIA E. SANCHEZ; MARIA LETICIA SANCHEZ; JORGE STOPANI; GUDELIA TERRAZAS; JUANITA VANEGAS TORRES; NESTOR ENRIQUE VALENCIA; NILZA VALENCIA; RIGOBERTO VALENCIA; ANDREW VASQUEZ; MARTINEZ RAUL VEGA; MARIA DE LOS ANGELES VELEZ; GLORIA VILLANUEVA; ARTRA VILLAREAL; DARREN WILLIAMS; MARTIN AMEZCUA ZAMORA; VANESSA H. ZERMENO; CECILIA AGUILAR; MARIA DEL ROSARIO ALCANTAR; ALICIA ALEMAN; CECILIA ALEMAN; ISAAIAH ALEMAN; BRYANT ALFARO; EVANGELIA ALFARO; JASMINE ALFARO, a minor, by and through her guardian ad litem; MIGUEL ALFARO; MIGUEL ANGEL ALFARO, a minor, by and through his guardian ad litem; JUAN DE DIOS ALTAMIRANO, a minor, by and through his guardian ad litem; NOMAS AMAYO; SALVADOR ANDRADE; SERGIO ARANA; VERONICA ARREOLA; KARINA AVILA; LEONARDO AVILA; OSZALDO BAUTIZTA; CRUZ BECERRA; RITA BIBIAN; ARACELI CABRERA; ANGELICA CALDERON; MARIA E. CASTILLO; MARIA CERVANTES; VANESSA CHAIDEZ; PERLA CORARRUBRAS; M. CURIEL; MENOR DE EDAD; MARISOL JUAREZ DE LEON; ABELARDO DELGADO; JUDITH DELGADO; CARLOS DOMINZUEZ; MARIA ELENA DUPONE; MARIA ELENA ESPINOSA; MEYRA ESPINOSA, by and through her guardian ad litem MARIA E. ESPINOZA; CARLOS ESQUIZEL; DANIEL FLOREZ; JOVANNI FLOREZ; RAMON FLOREZ; MARISA GUADALUPE GALLARDO; CONCEPCION GOMEZ; NORA DALIA TORRES GOMEZ; BRYAN GONZALES; DOMINGO GONZALES; JUAN GONZALES; KEVIN GONZALES; RANDOLPH GONZALES, a minor, by and through his guardian ad litem; ROBERT GONZALES; MADELINE GUERARA; MARIA GUERARA; RAUL GUERARA; SIERRA GUERARA; MARIA ANGELINA RAMIREZ GUTIERRAZ; JOSE GUTIERREZ; DANIEL HERRERA; ARACELI JIMENEZ; FRANCISCO JAVIER JIMENEZ; GERARDO JIMENEZ; JOSEFINA JIMENEZ; MARIA TRINIDAD JIMENEZ; MARTHA OFELIA JIMENEZ; RAUL JIMENEZ; RIGOBERTO JIMENEZ; LETICIA LINAN; REVECA LLAMOS; ARTURO LOPEZ; GUADALUPE LOPEZ; ISAAC LOPEZ; KATSUMI L. MIRALRIO LOPEZ; MATHEW LOPEZ; NAHUM SANCHEZ LOPEZ; VINDIANA LOPEZ; VIVIAN LOPEZ; KARY LOPEZ MIRALRIO; EDWIN LOPEZ-PAZ; EVELYN LOPEZ-PAZ; ITZEL LOPEZ-PAZ, a minor, by and through his guardian ad litem; SIDNEY LOPEZ-PAZ, a minor, by and through his guardian ad litem; KIMBERLY LUNA; MICHELLE LUNA; RAFAEL LUNA; DANIEL MARTIN, by and through his guardian ad litem, MARIA MARTIN; ALEXIS MARTINEZ, by and through her guardian ad litem, MARIA MARTINEZ; ANGEL N. SANCHEZ MARTINEZ; BOBBY JOE MARTINEZ; DOMINIC MARTINEZ; FRANCISCA MARTINEZ; FRANCISCO MARTINEZ; GABRIELA MARTINEZ; JADE MARIE MARTINEZ, a minor, by and through her guardian ad litem KARINA MARTINEZ; KHRIS A. SANCHEZ MARTINEZ; RENI MARTINEZ, a minor, by and through her guardian ad litem ZIZTORINA MARTINEZ; EDITH MENDOZA; ENRIQUE LUIS MENDOZA; YESENIA MENDOZA;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

JUDE ORTIZ, a minor, by and through her guardian ad litem; MATTHEW ORTIZ; RONNIE ORTIZ; ALEXIS JOSE PASTOR; MAGZA PAZ; CANDACE PEINADO; GUILLERMO A. PEREZ; ALFREDO PLIEGO; REY PLIEGO; DENIS QUINONEZ; BRAULIO RAMIREZ; CESAR RAMIREZ; VERONICA RAMIREZ; URIEL RAMOS, by and through her guardian ad litem CENOBIA ROSALES PENALOZA; GILBERTO RANGEL; MARIO LEON REYES; SERZANDO ROBELS; GUADALUPE ROSALES; MERCEDES ROSALES; KARLA S. ROSGADO; KENDERICK ROSGADO; ENRIQUE ORTEGA RUIZ; LORENZA CARMEN RUIZ; MARTHA RUIZ; NORMA RUIZ; DAVID SANCHEZ; HAILEY SANCHEZ, a minor, by and through her guardian ad litem; HAZELLE SANCHEZ, a minor, by and through her guardian ad litem; JUAN SANCHEZ; RICHARD SANTANA; AARON SANTIBANEZ, a minor, by and through his guardian ad litem; ENZO SANTIBANEZ; JAVIER SANTIBANEZ; RICARDO SANTIBANEZ; TALOMA SANTIBANEZ; MARCOS SUENTES, a minor, by and through his guardian ad litem; DELORES TINAJERO; JOHN TINAJERO; BLANCA TIRADO; ANA VIVIAN; CAROLINE ZAVALA; CRISTIAN ZAVALA, a minor, by and through his guardian ad litem; JULIAN ZAVALA; RENAE ZAVALA; AVAHI LOPEZ ZONIGA; KARINA LOPEZ ZUNIGO; SERGIO FLORES (FATHER); SERGIO FLORES (SON); NADIA OJEDA; DELFINA P. PERALTA; ERNESTO PERALTA; ADRIAN COLE TORRES, a minor, by and through his guardian ad litem; ALBERT MICHAEL BUSTAMANTE; ANGELINA MARIE MORENO, a minor, by and through her guardian ad litem; FABIOLA LARA; LUIS LARA, JR.; JARED E. LARA, a minor, by and through his guardian ad litem, FABIOLA LARA; LUIS H. LARA; MARIA MEDINA; ODALYZ ABREO, a minor by and through her Guardian Ad Litem, REINA TORRES; CRYSTAL ACEVES, an individual; MICHAEL ACEVES, an individual; JESUS ACOSTA, an individual; ANGEL AGUILAR, a minor by and through his Guardian Ad Litem, BLANCA MORENO; CYNTHIA AGUILAR, an individual; EDWIN AGUILAR, an individual; LUIGI AGUILAR, an individual; CYNTHIA ALANIS, an individual; DENNIS ALEJANDRE, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; MARTHA AMBRIZ, an individual; JUAN LUIS ANGUIANO, a minor by and through his Guardian Ad Litem, SONIA ANGUIANO; KIMBERLY ANGUIANO, a minor by and through her Guardian Ad Litem, SONIA ANGUIANO; AVOREE ANTONIO, a minor by and through her Guardian Ad Litem, ANDREA LOPEZ; ANDY ARIZAGA, a minor by and through his Guardian Ad Litem, MICHELLE VERA; ERIKA AYON, an individual; LAURA BANUELOS, an individual; YESENIA BARAJAS, an individual; LEONNIDES JOSE BARASA, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; DIANA BERNAL, an individual; NEMALYN BUTAC, an individual; KAREN CALERO, an individual; DNEEY CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; DNELL CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; ANA CARDENAS, an individual; MARIA CASTILLO, an individual; BREEHELEN CHAVEZ, a minor by and through her Guardian Ad Litem, AMY UVERA; JULIAN RICHARD CHAVEZ, an individual; CHRISTIAN CORTEZ, a minor by and through his Guardian Ad Litem; TERESA PENA; RUBEN CORTEZ, an individual; MARIBEL CRUZ, a minor by and through her Guardian Ad Litem, MARIA CRUZ; MARISELA CRUZ, a minor by and through her Guardian Ad Litem, MARIA CRUZ; CHRISTIAN CURIMAO, a minor by and through his Guardian Ad Litem, KELLY CURIMAO; KELLY CURIMAO, an individual;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff  [ ] Defendant  [ ] Cross-Complainant  [ ] Cross-Defendant

NEVAEH CURIMAO, a minor by and through her Guardian Ad Litem, NEMALYN BUTAC; KIMBERLY CURIMAO-BUTAC, an individual; MARIA DEUSTUA, an individual; JESSICA DIAZ, an individual; JULIEANNA DURAN, an individual; ADRIAN ESCAREGA, an individual; PEDRO ESTRADA, an individual; ESTHELA FERNANDEZ, an individual; ANA FLORES, an individual; CARINA LIZETH FLORES, an individual; JOSE FLORES, an individual; KIMBERLY FLORES, an individual; MICHELLE FLORES, an individual; SALVADOR FLORES, a minor by and through his Guardian Ad Litem, VIVIANA OSATIO; ALEXA FORSYTHE, a minor by and through her Guardian Ad Litem, JEFFREY FORSYTHE; JEFFREY FORSYTHE, an individual; ANA ROSA FRANCO, an individual; ROBERTO FRANCO, an individual; DAVID FUENTES, a minor by and through his Guardian Ad Litem, ANA MARIA FLORES; SERGIO FUENTES, an individual; SERGIO A. FUENTES, an individual; JOSE GAITAN, a minor by and through his Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ANA GALVES, an individual; AKEXABDRA GARCIA, an individual; CHRISTHOPHER GARCIA, a minor by and through his Guardian Ad Litem, MARTA SANCHEZ; RUBEN GARCIA, an individual; VANESSA GARCIA, an individual; JENNIFER GOMEZ, an individual; LESZLY GOMEZ, a minor by and through her Guardian Ad Litem, MARIA VELEZ; BRIAN GOMEZ, JR., a minor by and through his Guardian Ad Litem, KAREN CALERO; MARIA LUISA GONSALEZ, an individual; AMY GUERRERO, a minor, deceased by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ARMANDO GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; BRANDON GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; EVA GUERRERO, a minor by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; GUSTAVO HERNANDEZ, a minor by and through his Guardian Ad Litem, RAQUEL SANCHEZ; HERIBERTO HERNANDEZ, an individual; HUMBERTO HERNANDEZ, an individual; ISABEL HERNANDEZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; JESSICA HERNANDEZ, an individual; JESUS HERNANDEZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; JOANNA HERNANDEZ, an individual; MANUEL HERNANDEZ, an individual; MIA HERNANDEZ, a minor by and through her Guardian Ad Litem, HERIBERTO HERNANDEZ; ROSA HERNANDEZ, a minor by and through her Guardian Ad Litem, RAQUEL SANCHEZ; SAUL HERNANDEZ, an individual; SAUL HERNANDEZ, an individual; VALERIA HERNANDEZ, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; ROOSEVELT HUMPHREY, an individual; MARCOS IBARRA, an individual; MARTHA LAURA IBARRA, an individual; PEDRO IBARRA, an individual; NATALIE JARAMILLO, a minor by and through her Guardian Ad Litem, JOANNA VELAZQUEZ; ANGEL JIMENEZ, a minor by and through his Guardian Ad Litem, MARICARMEN ZEPEDA; CARLOS JIMENEZ, an individual; KARLA JIMENEZ, a minor by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; ROSA LASCANO, an individual; ALLISON LONA, a minor by and through her Guardian Ad Litem, AZUCENA LAGUNA; ARNOLD LONA, a minor by and through his Guardian Ad Litem, AZUCENA LAGUNA; ANDREA LOPEZ, an individual; BILLY LOPEZ, a minor by and through his Guardian Ad Litem, ALICIA MONCADA; EDWIN LOPEZ, an individual; GABRIELLE LOPEZ, a minor by and through her Guardian Ad Litem, DALILIA MENDEZ; JESUS LOPEZ, an individual; KAMILAH LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



| SHORT TITLE: AGUIRRE, ET AL., V. EXIDE TECHNOLOGIES, ET AL. | CASE NUMBER: BC567401 |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

KATIE LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; KENIA LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; MARILYN LOPEZ, a minor by and through her Guardian Ad Litem, AREKY MERINA; ISRAEL LORENZO, an individual; PEDRO LUIS LORENZO, a minor by and through his Guardian Ad Litem, LUZ MARIA ROMAN; LINO LORENZO, decedent by and through his successor in interest, PEDRO LORENZO; PEDRO LORENZO, an individual; VICTOR LUEVANOS, an individual; GERARDO LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYONS; JESUS LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYON; CAMILA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; LUNA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; DAVIAN MARQUEZ, a minor by and through her Guardian Ad Litem, RUTH M. TOLEDO; ASHLEY MARTINEZ, an individual; CLAUDIA MARTINEZ, a minor, deceased by and through her Guardian Ad Litem, LURDES VILLEGAS; JARINTZI MAYA, an individual; NICHOLAS MAYA, an individual; ALEJANDRO MEDINA, an individual; CHERYLE MEDINA, an individual; GONSALO MEDRANO, an individual; ALIZE MEJIA, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; BELLA MEJIA, a minor by and through her Guardian Ad Litem, JOSALYN PEREZ; BRIAN MEJIA, an individual; NICOLE MEJIA, an individual; JUAN MENDEZ, an individual; ALEXANDRO MERAZ, an individual; ALICIA MONCADA, an individual; ARTURO MONTERO, an individual; JIMMY MORALES, JR., a minor by and through his Guardian Ad Litem, VANESSA GARCIA; JIMMY MORALES, an individual; JOVITA MORALES, an individual; BLANCA MORENO, an individual; CLAUDIA MORENO, an individual; RAFAEL NARANJO, an individual; JOEY NAVARETTE, an individual; MARTHA NEVARES, an individual; KAITLYN NOGUERA, a minor by and through her Guardian Ad Litem, EVA SEGURA; BRENDA NUNEZ, an individual; GERARDO NUNEZ, an individual; GERMAN NUNEZ, an individual; ISAAC OCHOA, a minor by and through his Guardian Ad Litem, AMY UVERA; MARIA OCHOA, an individual; ANGEL ORTIZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; DARLENE ORTIZ, an individual; STEPHANIE ORTIZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; VIVIANA OSORIO, an individual; BRYSEN PALOMAREA, a minor by and through his Guardian Ad Litem, CHERYLE MEDINA; JESSICA PARENTE, an individual; NORDIS PARENTE, an individual; CARMEN PAVIA, an individual; JERRY PAVIA, an individual; TERESA PENA, an individual; ANA PEREIRA, an individual; CLAUDIA PEREIRA, an individual; JACKIE PEREZ, an individual; JAYLEEN PEREZ, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; ALEXIS RAMIREA, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; ANGEL RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; KENNETH RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; OLIVIA RAMIREZ, a minor by and through her Guardian Ad Litem, SELINA RAMIREZ; OSARK RAMIREZ, an individual; SELINA RAMIREZ, an individual; GABRIELA RAMOS, an individual;

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**


Legal Solutions Plus

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[X] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

ALICIA RANGEL, an individual; DAISY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; DESTINY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; JUAN RENTERIA, an individual; FLOR REYES, an individual; JEREMY REYES, a minor by and through his Guardian Ad Litem, CYNTHIA AGUILAR; SAMANTHA REYES, a minor by and through her Guardian Ad Litem, CYNTHIA AGUILAR; ISAI RINCON, a minor by and through his Guardian Ad Litem, ALMA VARGAS; AUDRINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDY RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; ELIJAH RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; MATTHEW RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; NATALIA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; PRINCESS SERINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDON RIOS, decedent by and through his successor in interest, MARIA CASTILLO; RAFAEL RODRIGO, an individual; VALERIA RODRIGUEZ, an individual; VANESSA RODRIGUEZ, an individual; STEPHEN ROJAS, an individual; LUZ MARIA ROMAN, an individual; LUCIA ROMO, an individual; ANTHONY ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ASHLEY ROSALES, an individual; HECTOR ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ONNIKA ROSALES, a minor by and through her Guardian Ad Litem, ALICIA JURADO; ARIEL SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; KING ISAIAH SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RUBEN SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RAQUEL SANCHEZ, an individual; ANGEL SANDOVAL, a minor by and through his Guardian Ad Litem, TERESA PENA; ADRIEN SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; CHRISTOPHER SEGURA, a minor by and through his Guardian Ad Litem, EVA SEGURA; HUMBERTO SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; VALERIE SEGURA, a minor by and through her Guardian Ad Litem, BRENDA VELA; JUSTINE SERGIO, an individual; ANTHONY SORIANO, an individual; ROGER SORIANO, an individual; BRIAN TAPIA, an individual; RUTH TOLEDO, an individual; HAILEY TORREZ-ORASCO, a minor by and through her Guardian Ad Litem, REINA TORRES; EBONY TOSCANO, a minor by and through her Guardian Ad Litem, ELENA IBARRA; JANEIRA TOSCANO, an individual; URIEL TOVAR, an individual; KEVAN URGUILLA, a minor by and through his Guardian Ad Litem, NATALIE DIAZ; AMY UVERA, an individual; FATIMA JASMIN VARAJAS, a minor by and through her Guardian Ad Litem, GRISELDA VARAJAS; GRISELDA VARAJAS, an individual; MARTIN VARAJAS, an individual; MARTIN VALENSI VARAJAS, an individual; ALEN VARGAS, a minor by and through his Guardian Ad Litem, ALMA VARGAS; ALMA VARGAS, an individual; ANGEL VARGAS, an individual; CHRISTIAN VARGAS, an individual; MARK VARGAS, a minor by and through his Guardian Ad Litem, RUBEN VARGAS QUIROGA; RUBEN VARGAS QUIROGA, an individual; VALARIE VARGAS, an individual; RUBEN VARGAS-GARCIA, an individual; ANTONIO VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; CARLOS VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ;

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



| SHORT TITLE: AGUIRRE, ET AL., V. EXIDE TECHNOLOGIES, ET AL. | CASE NUMBER: BC567401 |
|---|---|

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[X] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MARIA DEL CARMEN VASQUEZ, an individual; MICHELLE VASQUEZ, a minor by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; JOSE P. VELASQUEZ, an individual; JOSE J. VELASQUEZ, a minor by and through his Guardian Ad Litem, JULIEANNE DURAN; ALEJO VELEZ, an individual; MARIA VELEZ, an individual; JOHNNY VERA, a minor by and through his Guardian Ad Litem, MICHELLE VERA; NATHALIE VERA, a minor by and through her Guardian Ad Litem, MICHELLE VERA; FERNANDO VERGARA, a minor by and through his Guardian Ad Litem, CLAUDIA MORENO; MATTHEW WADE, a minor by and through his Guardian Ad Litem, YENI RIVERA; MARIA ZEPEDA, an individual; MARICARMEN ZEPEDA, an individual; JESUS CAMPAS, an individual.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Legal
Solutions
Plus

THE MANDELL LAW FIRM
Robert J. Mandell (SBN 132542)
Laurence H. Mandell (SBN 82415)
19400 Business Center Drive, Suite 102
Northridge, CA 91324
Telephone: (818) 886-6600
Facsimile: (818) 772-9739

LAW OFFICES OF STEVEN WOLFSON
A Professional Law Corporation
Steven Wolfson (SBN 046175)
4766 Park Granada Blvd., Suite 208
Calabasas, CA 91302
Telephone: (818)225-1600
Facsimile: (818)225-8493

LAW OFFICES OF ROBERT K. KENT
Robert K. Kent (SBN 045431)
578 Washington Blvd., Suite 830
Marina del Rey, CA 90292
Telephone: (310) 597-1622
Facsimile: (310) 823-1990

GIRARDI KEESE
Robert W. Finnerty (SBN 119775)
Christopher T. Aumais (SBN 249901)
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213)977-0211
Facsimile: (213)481-1554

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ALAN SALVADOR AGUIRRE, a minor, by and through his guardian ad litem, JOSE ISABEL AGUIRRE; GUSTAVO ARIAS, a minor, by and through his guardian ad litem, MARIA ARIAS; JOCELYN AVILA, a minor, by and through her guardian ad litem, ANA MONTERO; ELIZABETH BELTRAN, a minor, by and through her guardian ad litem, KARLA PARRA; ANGEL CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; THOMAS CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; VICENTE CABRERA, a minor, by and through his guardian ad litem, EMANUEL CABRERA; JOSE MANUEL CALDERON, a minor, by and through his guardian ad litem, ELOISA JARAMILLO; EDWARD JOSEPH CANO, a minor, by and through his guardian ad litem, THERESA JOSIE CANO; GEORGINA J. CHANG, a minor, by and through her guardian ad litem, VERONICA CHANG; SAMANTHA CHANG, a minor, by and through her guardian ad litem, VERONICA CHANG; AHILYN CUMPLIDO, a minor, by and through her guardian ad litem, MARIA VALENCIA; CRUZ CURIEL, a minor, by and through his guardian ad litem, LUCY CESENA CURIEL; CARMEN FELIX-DISCUSSION, a minor, by and through | Case No. BC567401 (Consolidated with BC567512; BC567758; BC567759; BC567760; BC567894; BC573733)  **FIRST CONSOLIDATED COMPLAINT FOR:**  1. Negligence 2. Negligence Per Se 3. Strict Liability for Ultrahazardous Activity 4. Misrepresentation and Fraudulent Concealment 5. Nuisance 6. Trespass 7. Injunctive and Restitutionary Relief Pursuant to Business and Professions Code § 17200 ET SEQ.  AND DEMAND FOR JURY TRIAL  Assigned for All Purposes to: Hon. Elihu M. Berle, Dept. 323 |

her guardian ad litem, ELIZABETH FELIX DISCUSSION; BRASCOMBE FLORES, a minor, by and through his guardian ad litem, GABRIELA FLORES; LESLY FLORES, a minor, by and through her guardian ad litem, RODRIGO FLORES; EMILY GABION, a minor, by and through her guardian ad litem, LINDA GONZALES; JAYCOB GAONA, a minor, by and through his guardian ad litem, ALEJANDRA HUSMAN; JAVIER GARCIA, a minor, by and through his guardian ad litem, GUADALUPE ERENAS; JESSIE EMANUEL GOMEZ, a minor, by and through his guardian ad litem, AZUCENA MORALES; BRYAN GONZALES, a minor, by and through his guardian ad litem, JUANA LORENZO; ISRAEL GONZALES, a minor, by and through his guardian ad litem, VICTORIA LEON; JOSE MARIA GUTIERREZ, a minor, by and through his guardian ad litem, ANA AGUILERA; ISABELLA HERNANDEZ, a minor, by and through her guardian ad litem, MELISSA MENDOZA; JENNIFER HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA RODRIGUEZ; JIMMY HERNANDEZ, a minor, by and through his guardian ad litem, MARTHA RODRIGUEZ; KAREN HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA RODRIGUEZ; EMMANUEL JIMENEZ, a minor, by and through his guardian ad litem, DOLORES SANTOS; BRANDIE N. LLAMAS, a minor, by and through her guardian ad litem, SILVIA LLAMAS; ELI M. LOPEZ, a minor, by and through her guardian ad litem, IMELDA ESPARZA; IZKOATL ANGULO LOPEZ, a minor, by and through his guardian ad litem, DIANA LOPEZ; JOSE DANILO DE ALBA LOPEZ, a minor, by and through his guardian ad litem, SONIA LOPEZ; SULEMA SAMANTHA LOPEZ, a minor, by and through her guardian ad litem, MARIA GUADALUPE LOPEZ; RICARDO MAGANO, a minor, by and through his guardian ad litem, JOSE LUIS MAGANO; LYANNA MARTIN, a minor, by and through her guardian ad litem, MARCO ANTONIO MARTIN; HECTOR MATA, JR., a minor, by and through his guardian ad litem, MARIA QUIRARTE; JACOB IAN MEDEL, a minor, by and through his guardian ad litem, EDUARDO MEDEL; MARISOL MENDOZA, a minor, by and through her guardian ad litem, MARIA ELENA RIVERA; ALLIANA CECILIA MORENO, a minor, by and through her guardian ad litem, MARIA E. SANCHEZ;

JOHNNIE A. MORENO, a minor, by and through his guardian ad litem, MARIA E. SANCHEZ; JOVANNIE MATHEW MORENO, a minor, by and through his guardian ad litem, MARIA E. SANCHEZ; SAVANNAH MORFIN, a minor, by and through her guardian ad litem, MARINA MORFIN; JORGE L. NAVARRO, by and through his guardian ad litem, EDELMIRA MORALES; CARLOS ORTIZ, a minor, by and through his guardian ad litem, HORTENCIA ORTIZ; EDILBER PALACIOS, a minor, by and through his guardian ad litem, NESTOR PALACIOS; NATALIA PAZ, a minor, by and through her guardian ad litem, MARIA QUIRARTE; ANDY PEREZ, a minor, by and through his guardian ad litem, MACIEL PEREZ; COREY PEREZ, a minor, by and through his guardian ad litem, MACIEL PEREZ; DIEGO ALEXANDER PEREZ, a minor, by and through his guardian ad litem, SIRIA GUZMAN; LEILANI PEREZ, a minor, by and through her guardian ad litem, ALICIA MACIEL PEREZ; ALEXIS PONCE, a minor, by and through her guardian ad litem, SILVIA ROMO; ESPERANZA N. PORTILLO, a minor, by and through her guardian ad litem, GERARDO PORTILLO; ASHLEY RAMIREZ, a minor, by and through her guardian ad litem, ANGELICA CARDENAS; KARLA RAMIREZ, a minor, by and through her guardian ad litem, ANGELICA MACIAS CARDENAS; MARY JANE RAMIREZ, a minor, by and through her guardian ad litem, JOSE RAMIREZ; AUDRINA RIOS, a minor, by and through her guardian ad litem, MARIA E. CASTILLO; ELIYAH RIOS, a minor, by and through his guardian ad litem, MARIA E. CASTILLO; EDUARDO SANCHEZ, a minor, by and through his guardian ad litem, MARIA CARRERA; ELIZABETH SANCHEZ, a minor, by and through her guardian ad litem, MARIA CARRERA; PATRICIO SOTO, a minor, by and through his guardian ad litem, RICHARD A. SOTO; THEO VINCENT URISTA, a minor, by and through his guardian ad litem, MARIA ELENA DIAZ; SARAH VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; SYDNEY VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; ABRAHAM RAMON VILLA OSORIO, a minor, by and through his guardian ad litem, LILIA OSORIO MENDOZA; MICHAEL ZERMENO, a minor, by and through his guardian ad litem, MONICA

ZERMENO; MARIA ELENA BARRON, decedent by and through her successor in interest, CARLOS M. BARRON; ERNESTINA CERVANTES BAUTISTA HERNANDEZ, decedent by and through her successor in interest, CARMEN BUENROSTRO;
SALVADOR BUENROSTRO, decedent by and through his successor in interest, CARMEN BUENROSTRO; PATRICIA CONTRERAS, decedent by and through her successors in interest, FERNANDO LOPEZ and ESTHER LLAMAS;
JUAN JOSE GUDINO, decedent by and through his successor in interest, ORALIA GUDINO; IVONNE GUILLEN, decedent by and through her successor in interest, RUTH LARA; PAULA JIMENEZ, decedent by and through her successor in interest, EVA JIMENEZ; HERMINIA LEON, decedent by and through her successor in interest, JOSE MEJIA; TERESA LOPEZ, decedent by and through her successor in interest, MIGUEL ANGEL LOPEZ; HILDA MENDOZA, decedent by and through her successor in interest, JOSE MENDOZA;
FLORENTINO MORENO, decedent by and through his successor in interest, MARIA E. SANCHEZ; RICARDO VAZQUEZ, decedent by and through her successor in interest, MARCELA SOSA;
THOMAS LOPEZ; MARIA CRUZ ACENEDO; CARLOS M. BARRON; HERIBERTO BLANCAS; ARMANDO BUELNA; DAISY ASHLEY BUELNA; GLORIA BUELNA; PAULO CESAR BUELNA; CARMEN BUENROSTO; EMANUEL CABRERA; THERESA JOSIE CANO; ANGELICA MACIAS CARDENAS; BARBARA CASQUINO; DANIEL CASQUINO; RUTH CASQUINO; FRANCISCA CONTRERAS CERVANTES; GUADALUPE CONTRERAS CERVANTES; GEORGE CHANG; VERONICA IRENE CHANG; MIGUEL ANGEL CONTRERAS (FATHER); MIGUEL ANGEL CONTRERAS (SON); ROSARIO CONTRERAS; LUISA MARIA CORRANZA; LUCY CESENA CURIEL; FRANK DISCUSSION; IMELDA ESPARZA; FERNANDO GONZALEZ ESPINOSA; ALICIA ESQUIVEL; JOSE FARIAS; LETICIA FARIAS; CLEO GARCIA; PABLO GOMEZ; EDITH GONZALES; JOE GONZALES; MIKE GONZALES; ALMA FLORES GONZALEZ; IVAN LOPEZ; MIGUEL ANGEL LOPEZ; JOSE MENDOZA;

| | |
|---|---|
| 1 | RODGIGUEZ MELANIA MORA; AZAEL MUNGUIA; NATALY MUNGUIA; JESUS |
| 2 | PLASCENCIA; JUAN PLASCENCIA; VICTOR DIAZ RAMIREZ; LUCILLE |
| 3 | FARFAN RAMOS; MARY ELENA RODRIGUEZ; YANITZA ROSAS; ALICIA |
| 4 | TREJO; DANIELA URISTA; ESMERALDA GONZALEZ VANEGAS; ALMA E. |
| 5 | HERNANDEZ; ANTONIO DAVILA (FATHER); ANTONIO DAVILA (SON); |
| 6 | RAMONA DAVILA; EVANGELIA GONZALES; JOE GONZALES; LINDA |
| 7 | GONZALES; SOPHIA GONZALES; VERONICA GONZALES; OLIVER GUDINO; |
| 8 | ORALIA GUDINO; SOCORRO VALENCIA GUERRERO; JOSE ANTONIO GUTIERREZ; |
| 9 | JOSE LUIS GUTIERREZ; KARINA HERNANDEZ GUTIERREZ; MICHELLE D. |
| 10 | GUTIERREZ; JOAQUIN GUZMAN; CARLOS HERNANDEZ; ELIZABETH HERNANDEZ; |
| 11 | ALEJANDRA HUSMAN; CARLOS HUSMAN; OMAR HUSMAN; BRIANNA |
| 12 | IBARRA; MARIE LANDEROS; ALEXANDRINA LARA; GUADALUPE |
| 13 | LEON; MARIA G. LOPEZ; JOSE LUIS CARLOS MACIAS; ZOILA NOEMI |
| 14 | MAGANA; JOSE MAGANO; JOSE LUIS MAGANO; BALDOMERO MARROQUIN; |
| 15 | MARCO ANTONIO MARTIN; GABRIEL MARTINEZ; ARMANDO MARTOS; |
| 16 | CYNTHIA MARTOS; INDIKIA McKENLEY; ESPERANZA MEDINA; FIDENCIO |
| 17 | MEDINA; YOLANDA MEDINA; LUZ MENDOZA; ALEJANDRO MERAS; ABDON |
| 18 | MERCADO; RAMON MEDINA MOJARRO; GEORGE MONTANO; MARTINEZ ROMINA |
| 19 | MORA; MARIO MORALES; JIBERTO MORENO; MANUEL MORFIN; MARINA |
| 20 | MORFIN; ANICETO MUNOZ; ODILON MUNOZ; ASCENSION OCHOA; ANA ROSA |
| 21 | PADILLA; DANIEL AARON PEREZ; DOLOREZ PEREZ; ANA PLASCENCIA; |
| 22 | VICTOR PULIDO; ERNESTO RAMIREZ; MARIA DEL CARMEN RAMIREZ; OSCAR |
| 23 | RENE RAMIREZ; SAMANTHA CRYSTAL RAMIREZ; NESTOR U. RICO; POLY RICO; |
| 24 | POLY H. RICO; LORENZA RIVERA; MARIA ELENA RIVERA; |
| 25 | JUAN RODRIGUEZ; STELLA MARIS ABRAHAN; BENJAMIN T. ACOSTA; |
| 26 | OLIVIA ALDRETE; PETER BENAVIDEZ; ROBERT M. BENAVIDEZ; GILBERTO |
| 27 | DELGADO; ERIKA VILLICANA ESTRADA; EDUARDO FIERRO; FRANCISCO JAVIER |
| 28 | GARCIA; LOURDES GARIBAY; EPITACIO |

RUIZ GONZALES; GUADALUPE
GONZALES; JAVIER GONZALES, JR.;
JESUS GONZALES; JOSE D. GONZALES;
ROSA GONZALES; ROSA M. GONZALES;
ISMAEL GUZMAN; DAISY HERNANDEZ;
FERNANDO LLAMAS; IRENE LLAMAS;
PEGGY LUCAS; JOSE LUIS MACIEL;
MARIA A. MACIEL; JUANITA MARQUEZ;
CIRILO MARTINEZ; EMILIANO
MARTINEZ; ELVIA MEJIA; JOSE MEJIA;
ELVIA MEJILLA; GERONIMA NEVAREZ;
SERGIO ORTIZ; IRANI PONCE;
MARGARITA ACEVEDO QUINTANA;
MARCELO HERNANDEZ RAMIREZ;
ARLENE I. RAMOS; ELBA ROMO; HECTOR
J. ROMO; JONATHAN ROMO; SILVIA
ROMO; OLGA RUIZ; ANGEL SANCHEZ;
GILDA CHAPA SANCHEZ; MARIA E.
SANCHEZ; MARIA LETICIA SANCHEZ;
JORGE STOPANI; GUDELIA TERRAZAS;
JUANITA VANEGAS TORRES; NESTOR
ENRIQUE VALENCIA; NILZA VALENCIA;
RIGOBERTO VALENCIA; ANDREW
VASQUEZ; MARTINEZ RAUL VEGA;
MARIA DE LOS ANGELES VELEZ; GLORIA
VILLANUEVA; ARTRA VILLAREAL;
DARREN WILLIAMS; MARTIN AMEZCUA
ZAMORA; VANESSA H. ZERMENO;
CECILIA AGUILAR; MARIA DEL ROSARIO
ALCANTAR; ALICIA ALEMAN; CECILIA
ALEMAN; ISAAIAH ALEMAN; BRYANT
ALFARO; EVANGELIA ALFARO; JASMINE
ALFARO, a minor, by and through her guardian
ad litem; MIGUEL ALFARO; MIGUEL
ANGEL ALFARO, a minor, by and through his
guardian ad litem; JUAN DE DIOS
ALTAMIRANO, a minor, by and through his
guardian ad litem; NOMAS AMAYO;
SALVADOR ANDRADE; SERGIO ARANA;
VERONICA ARREOLA; KARINA AVILA;
LEONARDO AVILA; OSZALDO BAUTIZTA;
CRUZ BECERRA; RITA BIBIAN; ARACELI
CABRERA; ANGELICA CALDERON;
MARIA E. CASTILLO; MARIA
CERVANTES; VANESSA CHAIDEZ; PERLA
CORARRUBRAS; M. CURIEL; MENOR DE
EDAD; MARISOL JUAREZ DE LEON;
ABELARDO DELGADO; JUDITH
DELGADO; CARLOS DOMINZUEZ; MARIA
ELENA DUPONE; MARIA ELENA
ESPINOSA; MEYRA ESPINOSA, by and
through her guardian ad litem MARIA E.
ESPINOZA; CARLOS ESQUIZEL; DANIEL
FLOREZ; JOVANNI FLOREZ; RAMON
FLOREZ; MARISA GUADALUPE

GALLARDO; CONCEPCION GOMEZ; NORA DALIA TORRES GOMEZ; BRYAN GONZALES; DOMINGO GONZALES; JUAN GONZALES; KEVIN GONZALES; RANDOLPH GONZALES, a minor, by and through his guardian ad litem; ROBERT GONZALES; MADELINE GUERARA; MARIA GUERARA; RAUL GUERARA; SIERRA GUERARA; MARIA ANGELINA RAMIREZ GUTIERRAZ; JOSE GUTIERREZ; DANIEL HERRERA; ARACELI JIMENEZ; FRANCISCO JAVIER JIMENEZ; GERARDO JIMENEZ; JOSEFINA JIMENEZ; MARIA TRINIDAD JIMENEZ; MARTHA OFELIA JIMENEZ; RAUL JIMENEZ; RIGOBERTO JIMENEZ; LETICIA LINAN; REVECA LLAMOS; ARTURO LOPEZ; GUADALUPE LOPEZ; ISAAC LOPEZ; KATSUMI L. MIRALRIO LOPEZ; MATHEW LOPEZ; NAHUM SANCHEZ LOPEZ; VINDIANA LOPEZ; VIVIAN LOPEZ; KARY LOPEZ MIRALRIO; EDWIN LOPEZ-PAZ; EVELYN LOPEZ-PAZ; ITZEL LOPEZ-PAZ, a minor, by and through his guardian ad litem; SIDNEY LOPEZ-PAZ, a minor, by and through his guardian ad litem; KIMBERLY LUNA; MICHELLE LUNA; RAFAEL LUNA; DANIEL MARTIN, by and through his guardian ad litem, MARIA MARTIN; ALEXIS MARTINEZ, by and through her guardian ad litem, MARIA MARTINEZ; ANGEL N. SANCHEZ MARTINEZ; BARBARA MARTINEZ; BOBBY JOE MARTINEZ; DOMINIC MARTINEZ; FRANCISCA MARTINEZ; FRANCISCO MARTINEZ; GABRIELA MARTINEZ; JADE MARIE MARTINEZ, a minor, by and through her guardian ad litem; KARINA MARTINEZ; KHRIS A. SANCHEZ MARTINEZ; RENI MARTINEZ, a minor, by and through her guardian ad litem; ZIZTORINA MARTINEZ; EDITH MENDOZA; ENRIQUE LUIS MENDOZA; YESENIA MENDOZA; JUDE ORTIZ, a minor, by and through her guardian ad litem; MATTHEW ORTIZ; RONNIE ORTIZ; ALEXIS JOSE PASTOR; MAGZA PAZ; CANDACE PEINADO; GUILLERMO A. PEREZ; ALFREDO PLIEGO; REY PLIEGO; DENIS QUINONEZ; BRAULIO RAMIREZ; CESAR RAMIREZ; VERONICA RAMIREZ; URIEL RAMOS, by and through her guardian ad litem CENOBIA ROSALES PENALOZA; GILBERTO RANGEL; MARIO LEON REYES; SERZANDO ROBELS; GUADALUPE

ROSALES; MERCEDES ROSALES; KARLA S. ROSGADO; KENDERICK ROSGADO; ENRIQUE ORTEGA RUIZ; LORENZA CARMEN RUIZ; MARTHA RUIZ; NORMA RUIZ; DAVID SANCHEZ; HAILEY SANCHEZ, a minor, by and through her guardian ad litem; HAZELLE SANCHEZ, a minor, by and through her guardian ad litem; JUAN SANCHEZ; RICHARD SANTANA; AARON SANTIBANEZ, a minor, by and through his guardian ad litem; ENZO SANTIBANEZ; JAVIER SANTIBANEZ; RICARDO SANTIBANEZ; TALOMA SANTIBANEZ; MARCOS SUENTES, a minor, by and through his guardian ad litem; DELORES TINAJERO; JOHN TINAJERO; BLANCA TIRADO; ANA VIVIAN; CAROLINE ZAVALA; CRISTIAN ZAVALA, a minor, by and through his guardian ad litem; JULIAN ZAVALA; RENAE ZAVALA; AVAHI LOPEZ ZONIGA; KARINA LOPEZ ZUNIGO; SERGIO FLORES (FATHER); SERGIO FLORES (SON); NADIA OJEDA; DELFINA P. PERALTA; ERNESTO PERALTA; ADRIAN COLE TORRES, a minor, by and through his guardian ad litem; ALBERT MICHAEL BUSTAMANTE; ANGELINA MARIE MORENO, a minor, by and through her guardian ad litem; FABIOLA LARA; LUIS LARA, JR.; JARED E. LARA, a minor, by and through his guardian ad litem, FABIOLA LARA; LUIS H. LARA; MARIA MEDINA; ODALYZ ABREO, a minor by and through her Guardian Ad Litem, REINA TORRES; CRYSTAL ACEVES, an individual; MICHAEL ACEVES, an individual; JESUS ACOSTA, an individual; ANGEL AGUILAR, a minor by and through his Guardian Ad Litem, BLANCA MORENO; CYNTHIA AGUILAR, an individual; EDWIN AGUILAR, an individual; LUIGI AGUILAR, an individual; CYNTHIA ALANIS, an individual; DENNIS ALEJANDRE, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; MARTHA AMBRIZ, an individual; JUAN LUIS ANGUIANO, a minor by and through his Guardian Ad Litem, SONIA ANGUIANO; KIMBERLY ANGUIANO, a minor by and through her Guardian Ad Litem, SONIA ANGUIANO; AVOREE ANTONIO, a minor by and through her Guardian Ad Litem, ANDREA LOPEZ; ANDY ARIZAGA, a minor by and through his Guardian Ad Litem, MICHELLE VERA; ERIKA AYON, an individual; LAURA BANUELOS, an individual; YESENIA

8

BARAJAS, an individual; LEONNIDES JOSE BARASA, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; DIANA BERNAL, an individual; NEMALYN BUTAC, an individual; KAREN CALERO, an individual; DNEEY CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; DNELL CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; ANA CARDENAS, an individual; MARIA CASTILLO, an individual; BREEHELEN CHAVEZ, a minor by and through her Guardian Ad Litem, AMY UVERA; JULIAN RICHARD CHAVEZ, an individual; CHRISTIAN CORTEZ, a minor by and through his Guardian Ad Litem, TERESA PENA; RUBEN CORTEZ, an individual; MARIBEL CRUZ, a minor by and through her Guardian Ad Litem, MARIA CRUZ; MARISELA CRUZ, a minor by and through her Guardian Ad Litem, MARIA CRUZ; CHRISTIAN CURIMAO, a minor by and through his Guardian Ad Litem, KELLY CURIMAO; KELLY CURIMAO, an individual; NEVAEH CURIMAO, a minor by and through her Guardian Ad Litem, NEMALYN BUTAC; KIMBERLY CURIMAO-BUTAC, an individual; MARIA DEUSTUA, an individual; JESSICA DIAZ, an individual; JULIEANNA DURAN, an individual; ADRIAN ESCAREGA, an individual; PEDRO ESTRADA, an individual; ESTHELA FERNANDEZ, an individual; ANA FLORES, an individual; CARINA LIZETH FLORES, an individual; JOSE FLORES, an individual; KIMBERLY FLORES, an individual; MICHELLE FLORES, an individual; SALVADOR FLORES, a minor by and through his Guardian Ad Litem, VIVIANA OSATIO; ALEXA FORSYTHE, a minor by and through her Guardian Ad Litem, JEFFREY FORSYTHE; JEFFREY FORSYTHE, an individual; ANA ROSA FRANCO, an individual; ROBERTO FRANCO, an individual; DAVID FUENTES, a minor by and through his Guardian Ad Litem, ANA MARIA FLORES; SERGIO FUENTES, an individual; SERGIO A. FUENTES, an individual; JOSE GAITAN, a minor by and through his Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ANA GALVES, an individual; AKEXABDRA GARCIA, an individual; CHRISTHOPHER GARCIA, a minor by and through his Guardian Ad Litem, MARTA SANCHEZ; RUBEN GARCIA, an individual; VANESSA GARCIA, an individual; JENNIFER GOMEZ, an

individual; LESZLY GOMEZ, a minor by and through her Guardian Ad Litem, MARIA VELEZ; BRIAN GOMEZ, JR., a minor by and through his Guardian Ad Litem, KAREN CALERO; MARIA LUISA GONSALEZ, an individual; AMY GUERRERO, a minor, deceased by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ARMANDO GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; BRANDON GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; EVA GUERRERO, a minor by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; GUSTAVO HERNANDEZ, a minor by and through his Guardian Ad Litem, RAQUEL SANCHEZ; HERIBERTO HERNANDEZ, an individual; HUMBERTO HERNANDEZ, an individual; ISABEL HERNANDEZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; JESSICA HERNANDEZ, an individual; JESUS HERNANDEZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; JOANNA HERNANDEZ, an individual; MANUEL HERNANDEZ, an individual; MIA HERNANDEZ, a minor by and through her Guardian Ad Litem, HERIBERTO HERNANDEZ; ROSA HERNANDEZ, a minor by and through her Guardian Ad Litem, RAQUEL SANCHEZ; SAUL HERNANDEZ, an individual; SAUL HERNANDEZ, an individual; VALERIA HERNANDEZ, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; ROOSEVELT HUMPHREY, an individual; MARCOS IBARRA, an individual; MARTHA LAURA IBARRA, an individual; PEDRO IBARRA, an individual; NATALIE JARAMILLO, a minor by and through her Guardian Ad Litem, JOANNA VELAZQUEZ; ANGEL JIMENEZ, a minor by and through his Guardian Ad Litem, MARICARMEN ZEPEDA; CARLOS JIMENEZ, an individual; KARLA JIMENEZ, a minor by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; ROSA LASCANO, an individual; ALLISON LONA, a minor by and through her Guardian Ad Litem, AZUCENA LAGUNA; ARNOLD LONA, a minor by and through his Guardian Ad Litem, AZUCENA LAGUNA; ANDREA LOPEZ, an individual; BILLY LOPEZ, a minor by and through his Guardian Ad Litem, ALICIA MONCADA; EDWIN LOPEZ, an individual; GABRIELLE LOPEZ, a minor by and through her Guardian

Ad Litem, DALILIA MENDEZ; JESUS LOPEZ, an individual; KAMILAH LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; KATIE LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; KENIA LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; MARILYN LOPEZ, a minor by and through her Guardian Ad Litem, AREKY MERINA; ISRAEL LORENZO, an individual; PEDRO LUIS LORENZO, a minor by and through his Guardian Ad Litem, LUZ MARIA ROMAN; LINO LORENZO, decedent by and through his successor in interest, PEDRO LORENZO; PEDRO LORENZO, an individual; VICTOR LUEVANOS, an individual; GERARDO LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYONS; JESUS LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYON; CAMILA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; LUNA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; DAVIAN MARQUEZ, a minor by and through her Guardian Ad Litem, RUTH M. TOLEDO; ASHLEY MARTINEZ, an individual; CLAUDIA MARTINEZ, a minor, deceased by and through her Guardian Ad Litem, LURDES VILLEGAS; JARINTZI MAYA, an individual; NICHOLAS MAYA, an individual; ALEJANDRO MEDINA, an individual; CHERYLE MEDINA, an individual; GONSALO MEDRANO, an individual; ALIZE MEJIA, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; BELLA MEJIA, a minor by and through her Guardian Ad Litem, JOSALYN PEREZ; BRIAN MEJIA, an individual; NICOLE MEJIA, an individual; JUAN MENDEZ, an individual; ALEXANDRO MERAZ, an individual; ALICIA MONCADA, an individual; ARTURO MONTERO, an individual; JIMMY MORALES, JR., a minor by and through his Guardian Ad Litem, VANESSA GARCIA; JIMMY MORALES, an individual; JOVITA MORALES, an individual; BLANCA MORENO, an individual; CLAUDIA MORENO, an individual; RAFAEL NARANJO, an individual; JOEY NAVARETTE, an individual; MARTHA NEVARES, an individual; KAITLYN NOGUERA, a minor by and through her Guardian Ad Litem, EVA SEGURA; BRENDA NUNEZ, an individual; GERARDO NUNEZ, an individual; GERMAN NUNEZ, an individual;

ISAAC OCHOA, a minor by and through his Guardian Ad Litem, AMY UVERA; MARIA OCHOA, an individual; ANGEL ORTIZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; DARLENE ORTIZ, an individual; STEPHANIE ORTIZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; VIVIANA OSORIO, an individual; BRYSEN PALOMAREA, a minor by and through his Guardian Ad Litem, CHERYLE MEDINA; JESSICA PARENTE, an individual; NORDIS PARENTE, an individual; CARMEN PAVIA, an individual; JERRY PAVIA, an individual; TERESA PENA, an individual; ANA PEREIRA, an individual; CLAUDIA PEREIRA, an individual; JACKIE PEREZ, an individual; JAYLEEN PEREZ, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; ALEXIS RAMIREA, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; ANGEL RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; KENNETH RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; OLIVIA RAMIREZ, a minor by and through her Guardian Ad Litem, SELINA RAMIREZ; OSARK RAMIREZ, an individual; SELINA RAMIREZ, an individual; GABRIELA RAMOS, an individual; ALICIA RANGEL, an individual; DAISY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; DESTINY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; JUAN RENTERIA, an individual; FLOR REYES, an individual; JEREMY REYES, a minor by and through his Guardian Ad Litem, CYNTHIA AGUILAR; SAMANTHA REYES, a minor by and through her Guardian Ad Litem, CYNTHIA AGUILAR; ISAI RINCON, a minor by and through his Guardian Ad Litem, ALMA VARGAS; AUDRINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDY RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; ELIJAH RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; MATTHEW RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; NATALIA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; PRINCESS SERINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDON RIOS, decedent by and through his successor in interest, MARIA

CASTILLO; RAFAEL RODRIGO, an individual; VALERIA RODRIGUEZ, an individual; VANESSA RODRIGUEZ, an individual; STEPHEN ROJAS, an individual; LUZ MARIA ROMAN, an individual; LUCIA ROMO, an individual; ANTHONY ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ASHLEY ROSALES, an individual; HECTOR ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ONNIKA ROSALES, a minor by and through her Guardian Ad Litem, ALICIA JURADO; ARIEL SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; KING ISAIAH SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RUBEN SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RAQUEL SANCHEZ, an individual; ANGEL SANDOVAL, a minor by and through his Guardian Ad Litem, TERESA PENA; ADRIEN SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; CHRISTOPHER SEGURA, a minor by and through his Guardian Ad Litem, EVA SEGURA; HUMBERTO SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; VALERIE SEGURA, a minor by and through her Guardian Ad Litem, BRENDA VELA; JUSTINE SERGIO, an individual; ANTHONY SORIANO, an individual; ROGER SORIANO, an individual; BRIAN TAPIA, an individual; RUTH TOLEDO, an individual; HAILEY TORREZ-ORASCO, a minor by and through her Guardian Ad Litem, REINA TORRES; EBONY TOSCANO, a minor by and through her Guardian Ad Litem, ELENA IBARRA; JANEIRA TOSCANO, an individual; URIEL TOVAR, an individual; KEVAN URGUILLA, a minor by and through his Guardian Ad Litem, NATALIE DIAZ; AMY UVERA, an individual; FATIMA JASMIN VARAJAS, a minor by and through her Guardian Ad Litem, GRISELDA VARAJAS; GRISELDA VARAJAS, an individual; MARTIN VARAJAS, an individual; MARTIN VALENSI VARAJAS, an individual; ALEN VARGAS, a minor by and through his Guardian Ad Litem, ALMA VARGAS; ALMA VARGAS, an individual; ANGEL VARGAS, an individual; CHRISTIAN VARGAS, an individual; MARK VARGAS, a minor by and through his Guardian Ad Litem, RUBEN VARGAS QUIROGA; RUBEN VARGAS QUIROGA, an individual; VALARIE

VARGAS, an individual; RUBEN VARGAS-GARCIA, an individual; ANTONIO VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; CARLOS VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; MARIA DEL CARMEN VASQUEZ, an individual; MICHELLE VASQUEZ, a minor by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; JOSE P. VELASQUEZ, an individual; JOSE J. VELASQUEZ, a minor by and through his Guardian Ad Litem, JULIEANNE DURAN; ALEJO VELEZ, an individual; MARIA VELEZ, an individual; JOHNNY VERA, a minor by and through his Guardian Ad Litem, MICHELLE VERA; NATHALIE VERA, a minor by and through her Guardian Ad Litem, MICHELLE VERA; FERNANDO VERGARA, a minor by and through his Guardian Ad Litem, CLAUDIA MORENO; MATTHEW WADE, a minor by and through his Guardian Ad Litem, YENI RIVERA; MARIA ZEPEDA, an individual; MARICARMEN ZEPEDA, an individual; JESUS CAMPAS, an individual;

        Plaintiff,

    v.

EXIDE TECHNOLOGIES; JAMES R. BOLCH; PHILLIP DAMASKA; ED MOPAS; JOHN HOGARTH; R. PAUL HIRT, JR; ADVANCED CONSTRUCTORS CORP. (formerly named as DOE 1); RANDAL BROWN (formerly named as DOE 2); RANDAL BROWN, II (formerly named as DOE 3), and DOES 4 to 100, inclusive,,

        Defendants.

And All Consolidated Cases

/ / /

/ / /

/ / /

/ / /

FIRST CONSOLIDATED COMPLAINT

1     COME NOW PLAINTIFFS, ALAN SALVADOR AGUIRRE, a minor, by and through his

2 guardian ad litem, JOSE ISABEL AGUIRRE; GUSTAVO ARIAS, a minor, by and through his

3 guardian ad litem, MARIA ARIAS; JOCELYN AVILA, a minor, by and through her guardian ad

4 litem, ANA MONTERO; ELIZABETH BELTRAN, a minor, by and through her guardian ad litem,

5 KARLA PARRA; ANGEL CABRERA, a minor, by and through his guardian ad litem, EMANUEL

6 CABRERA; THOMAS CABRERA, a minor, by and through his guardian ad litem, EMANUEL

7 CABRERA; VICENTE CABRERA, a minor, by and through his guardian ad litem, EMANUEL

8 CABRERA; JOSE MANUEL CALDERON, a minor, by and through his guardian ad litem, ELOISA

9 JARAMILLO; EDWARD JOSEPH CANO, a minor, by and through his guardian ad litem,

10 THERESA JOSIE CANO; GEORGINA J. CHANG, a minor, by and through her guardian ad litem,

11 VERONICA CHANG; SAMANTHA CHANG, a minor, by and through her guardian ad litem,

12 VERONICA CHANG; AHILYN CUMPLIDO, a minor, by and through her guardian ad litem,

13 MARIA VALENCIA; CRUZ CURIEL, a minor, by and through his guardian ad litem, LUCY

14 CESENA CURIEL; CARMEN FELIX-DISCUSSION, a minor, by and through her guardian ad litem,

15 ELIZABETH FELIX DISCUSSION; BRASCOMBE FLORES, a minor, by and through his guardian

16 ad litem, GABRIELA FLORES; LESLY FLORES, a minor, by and through her guardian ad litem,

17 RODRIGO FLORES; EMILY GABION, a minor, by and through her guardian ad litem, LINDA

18 GONZALES; JAYCOB GAONA, a minor, by and through his guardian ad litem, ALEJANDRA

19 HUSMAN; JAVIER GARCIA, a minor, by and through his guardian ad litem, GUADALUPE

20 ERENAS; JESSIE EMANUEL GOMEZ, a minor, by and through his guardian ad litem, AZUCENA

21 MORALES; BRYAN GONZALES, a minor, by and through his guardian ad litem, JUANA

22 LORENZO; ISRAEL GONZALES, a minor, by and through his guardian ad litem, VICTORIA

23 LEON; JOSE MARIA GUTIERREZ, a minor, by and through his guardian ad litem, ANA

24 AGUILERA; ISABELLA HERNANDEZ, a minor, by and through her guardian ad litem, MELISSA

25 MENDOZA; JENNIFER HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA

26 RODRIGUEZ; JIMMY HERNANDEZ, a minor, by and through his guardian ad litem, MARTHA

27 RODRIGUEZ; KAREN HERNANDEZ, a minor, by and through her guardian ad litem, MARTHA

28 RODRIGUEZ; EMMANUEL JIMENEZ, a minor, by and through his guardian ad litem, DOLORES

SANTOS; BRANDIE N. LLAMAS, a minor, by and through her guardian ad litem, SILVIA
LLAMAS; ELI M. LOPEZ, a minor, by and through her guardian ad litem, IMELDA ESPARZA;
IZKOATL ANGULO LOPEZ, a minor, by and through his guardian ad litem, DIANA LOPEZ; JOSE
DANILO DE ALBA LOPEZ, a minor, by and through his guardian ad litem, SONIA LOPEZ;
SULEMA SAMANTHA LOPEZ, a minor, by and through her guardian ad litem, MARIA
GUADALUPE LOPEZ; RICARDO MAGANO, a minor, by and through his guardian ad litem, JOSE
LUIS MAGANO; LYANNA MARTIN, a minor, by and through her guardian ad litem, MARCO
ANTONIO MARTIN; HECTOR MATA, JR., a minor, by and through his guardian ad litem, MARIA
QUIRARTE; JACOB IAN MEDEL, a minor, by and through his guardian ad litem, EDUARDO
MEDEL; MARISOL MENDOZA, a minor, by and through her guardian ad litem, MARIA ELENA
RIVERA; ALLIANA CECILIA MORENO, a minor, by and through her guardian ad litem, MARIA
E. SANCHEZ; JOHNNIE A. MORENO, a minor, by and through his guardian ad litem, MARIA E.
SANCHEZ; JOVANNIE MATHEW MORENO, a minor, by and through his guardian ad litem,
MARIA E. SANCHEZ; SAVANNAH MORFIN, a minor, by and through her guardian ad litem,
MARINA MORFIN; JORGE L. NAVARRO, by and through his guardian ad litem, EDELMIRA
MORALES; CARLOS ORTIZ, a minor, by and through his guardian ad litem, HORTENCIA ORTIZ;
EDILBER PALACIOS, a minor, by and through his guardian ad litem, NESTOR PALACIOS;
NATALIA PAZ, a minor, by and through her guardian ad litem, MARIA QUIRARTE; ANDY
PEREZ, a minor, by and through his guardian ad litem, MACIEL PEREZ; COREY PEREZ, a minor,
by and through his guardian ad litem, MACIEL PEREZ; DIEGO ALEXANDER PEREZ, a minor, by
and through his guardian ad litem, SIRIA GUZMAN; LEILANI PEREZ, a minor, by and through her
guardian ad litem, ALICIA MACIEL PEREZ; ALEXIS PONCE, a minor, by and through her
guardian ad litem, SILVIA ROMO; ESPERANZA N. PORTILLO, a minor, by and through her
guardian ad litem, GERARDO PORTILLO; ASHLEY RAMIREZ, a minor, by and through her
guardian ad litem, ANGELICA CARDENAS; KARLA RAMIREZ, a minor, by and through her
guardian ad litem, ANGELICA MACIAS CARDENAS; MARY JANE RAMIREZ, a minor, by and
through her guardian ad litem, JOSE RAMIREZ; AUDRINA RIOS, a minor, by and through her
guardian ad litem, MARIA E. CASTILLO; ELIYAH RIOS, a minor, by and through his guardian ad

litem, MARIA E. CASTILLO; EDUARDO SANCHEZ, a minor, by and through his guardian ad litem, MARIA CARRERA; ELIZABETH SANCHEZ, a minor, by and through her guardian ad litem, MARIA CARRERA; PATRICIO SOTO, a minor, by and through his guardian ad litem, RICHARD A. SOTO; THEO VINCENT URISTA, a minor, by and through his guardian ad litem, MARIA ELENA DIAZ; SARAH VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; SYDNEY VALENCIA, a minor, by and through her guardian ad litem, NESTOR VALENCIA; ABRAHAM RAMON VILLA OSORIO, a minor, by and through his guardian ad litem, LILIA OSORIO MENDOZA; MICHAEL ZERMENO, a minor, by and through his guardian ad litem, MONICA ZERMENO; MARIA ELENA BARRON, decedent by and through her successor in interest, CARLOS M. BARRON; ERNESTINA CERVANTES BAUTISTA HERNANDEZ, decedent by and through her successor in interest, CARMEN BUENROSTRO; SALVADOR BUENROSTRO, decedent by and through his successor in interest, CARMEN BUENROSTRO; PATRICIA CONTRERAS, decedent by and through her successors in interest, FERNANDO LOPEZ and ESTHER LLAMAS; JUAN JOSE GUDINO, decedent by and through his successor in interest, ORALIA GUDINO; IVONNE GUILLEN, decedent by and through her successor in interest, RUTH LARA; PAULA JIMENEZ, decedent by and through her successor in interest, EVA JIMENEZ; HERMINIA LEON, decedent by and through her successor in interest, JOSE MEJIA; TERESA LOPEZ, decedent by and through her successor in interest, MIGUEL ANGEL LOPEZ; HILDA MENDOZA, decedent by and through her successor in interest, JOSE MENDOZA; FLORENTINO MORENO, decedent by and through his successor in interest, MARIA E. SANCHEZ; RICARDO VAZQUEZ, decedent by and through her successor in interest, MARCELA SOSA; THOMAS LOPEZ; MARIA CRUZ ACENEDO; CARLOS M. BARRON; HERIBERTO BLANCAS; ARMANDO BUELNA; DAISY ASHLEY BUELNA; GLORIA BUELNA; PAULO CESAR BUELNA; CARMEN BUENROSTO; EMANUEL CABRERA; THERESA JOSIE CANO; ANGELICA MACIAS CARDENAS; BARBARA CASQUINO; DANIEL CASQUINO; RUTH CASQUINO; FRANCISCA CONTRERAS CERVANTES; GUADALUPE CONTRERAS CERVANTES; GEORGE CHANG; VERONICA IRENE CHANG; MIGUEL ANGEL CONTRERAS (FATHER); MIGUEL ANGEL CONTRERAS (SON); ROSARIO CONTRERAS;

1   LUISA MARIA CORRANZA; LUCY CESENA CURIEL; FRANK DISCUSSION; IMELDA

2   ESPARZA; FERNANDO GONZALEZ ESPINOSA; ALICIA ESQUIVEL; JOSE FARIAS; LETICIA

3   FARIAS; CLEO GARCIA; PABLO GOMEZ; EDITH GONZALES; JOE GONZALES; MIKE

4   GONZALES; ALMA FLORES GONZALEZ; IVAN LOPEZ; MIGUEL ANGEL LOPEZ; JOSE

5   MENDOZA; RODGIGUEZ MELANIA MORA; AZAEL MUNGUIA; NATALY MUNGUIA;

6   JESUS PLASCENCIA; JUAN PLASCENCIA; VICTOR DIAZ RAMIREZ; LUCILLE FARFAN

7   RAMOS; MARY ELENA RODRIGUEZ; YANITZA ROSAS; ALICIA TREJO; DANIELA

8   URISTA; ESMERALDA GONZALEZ VANEGAS; ALMA E. HERNANDEZ; ANTONIO DAVILA

9   (FATHER); ANTONIO DAVILA (SON); RAMONA DAVILA; EVANGELIA GONZALES; JOE

10   GONZALES; LINDA GONZALES; SOPHIA GONZALES; VERONICA GONZALES; OLIVER

11   GUDINO; ORALIA GUDINO; SOCORRO VALENCIA GUERRERO; JOSE ANTONIO

12   GUTIERREZ; JOSE LUIS GUTIERREZ; KARINA HERNANDEZ GUTIERREZ; MICHELLE D.

13   GUTIERREZ; JOAQUIN GUZMAN; CARLOS HERNANDEZ; ELIZABETH HERNANDEZ;

14   ALEJANDRA HUSMAN; CARLOS HUSMAN; OMAR HUSMAN; BRIANNA IBARRA; MARIE

15   LANDEROS; ALEXANDRINA LARA; GUADALUPE LEON; MARIA G. LOPEZ; JOSE LUIS

16   CARLOS MACIAS; ZOILA NOEMI MAGANA; JOSE MAGANO; JOSE LUIS MAGANO;

17   BALDOMERO MARROQUIN; MARCO ANTONIO MARTIN; GABRIEL MARTINEZ;

18   ARMANDO MARTOS; CYNTHIA MARTOS; INDIKIA McKENLEY; ESPERANZA MEDINA;

19   FIDENCIO MEDINA; YOLANDA MEDINA; LUZ MENDOZA; ALEJANDRO MERAS; ABDON

20   MERCADO; RAMON MEDINA MOJARRO; GEORGE MONTANO; MARTINEZ ROMINA

21   MORA; MARIO MORALES; JIBERTO MORENO; MANUEL MORFIN; MARINA MORFIN;

22   ANICETO MUNOZ; ODILON MUNOZ; ASCENSION OCHOA; ANA ROSA PADILLA; DANIEL

23   AARON PEREZ; DOLOREZ PEREZ; ANA PLASCENCIA; VICTOR PULIDO; ERNESTO

24   RAMIREZ; MARIA DEL CARMEN RAMIREZ; OSCAR RENE RAMIREZ; SAMANTHA

25   CRYSTAL RAMIREZ; NESTOR U. RICO; POLY RICO; POLY H. RICO; LORENZA RIVERA;

26   MARIA ELENA RIVERA; JUAN RODRIGUEZ; STELLA MARIS ABRAHAN; BENJAMIN T.

27   ACOSTA; OLIVIA ALDRETE; PETER BENAVIDEZ; ROBERT M. BENAVIDEZ; GILBERTO

28   DELGADO; ERIKA VILLICANA ESTRADA; EDUARDO FIERRO; FRANCISCO JAVIER

1  GARCIA; LOURDES GARIBAY; EPITACIO RUIZ GONZALES; GUADALUPE GONZALES;

2  JAVIER GONZALES, JR.; JESUS GONZALES; JOSE D. GONZALES; ROSA GONZALES; ROSA

3  M. GONZALES; ISMAEL GUZMAN; DAISY HERNANDEZ; FERNANDO LLAMAS; IRENE

4  LLAMAS; PEGGY LUCAS; JOSE LUIS MACIEL; MARIA A. MACIEL; JUANITA MARQUEZ;

5  CIRILO MARTINEZ; EMILIANO MARTINEZ; ELVIA MEJIA; JOSE MEJIA; ELVIA MEJILLA;

6  GERONIMA NEVAREZ; SERGIO ORTIZ; IRANI PONCE; MARGARITA ACEVEDO

7  QUINTANA; MARCELO HERNANDEZ RAMIREZ; ARLENE I. RAMOS; ELBA ROMO;

8  HECTOR J. ROMO; JONATHAN ROMO; SILVIA ROMO; OLGA RUIZ; ANGEL SANCHEZ;

9  GILDA CHAPA SANCHEZ; MARIA E. SANCHEZ; MARIA LETICIA SANCHEZ; JORGE

10  STOPANI; GUDELIA TERRAZAS; JUANITA VANEGAS TORRES; NESTOR ENRIQUE

11  VALENCIA; NILZA VALENCIA; RIGOBERTO VALENCIA; ANDREW VASQUEZ; MARTINEZ

12  RAUL VEGA; MARIA DE LOS ANGELES VELEZ; GLORIA VILLANUEVA; ARTRA

13  VILLAREAL; DARREN WILLIAMS; MARTIN AMEZCUA ZAMORA; VANESSA H.

14  ZERMENO; CECILIA AGUILAR; MARIA DEL ROSARIO ALCANTAR; ALICIA ALEMAN;

15  CECILIA ALEMAN; ISAAIAH ALEMAN; BRYANT ALFARO; EVANGELIA ALFARO;

16  JASMINE ALFARO, a minor, by and through her guardian ad litem; MIGUEL ALFARO; MIGUEL

17  ANGEL ALFARO, a minor, by and through his guardian ad litem; JUAN DE DIOS ALTAMIRANO,

18  a minor, by and through his guardian ad litem; NOMAS AMAYO; SALVADOR ANDRADE;

19  SERGIO ARANA; VERONICA ARREOLA; KARINA AVILA; LEONARDO AVILA; OSZALDO

20  BAUTIZTA; CRUZ BECERRA; RITA BIBIAN; ARACELI CABRERA; ANGELICA CALDERON;

21  MARIA E. CASTILLO; MARIA CERVANTES; VANESSA CHAIDEZ; PERLA CORARRUBRAS;

22  M. CURIEL; MENOR DE EDAD; MARISOL JUAREZ DE LEON; ABELARDO DELGADO;

23  JUDITH DELGADO; CARLOS DOMINZUEZ; MARIA ELENA DUPONE; MARIA ELENA

24  ESPINOSA; MEYRA ESPINOSA, by and through her guardian ad litem MARIA E. ESPINOZA;

25  CARLOS ESQUIZEL; DANIEL FLOREZ; JOVANNI FLOREZ; RAMON FLOREZ; MARISA

26  GUADALUPE GALLARDO; CONCEPCION GOMEZ; NORA DALIA TORRES GOMEZ;

27  BRYAN GONZALES; DOMINGO GONZALES; JUAN GONZALES; KEVIN GONZALES;

28  RANDOLPH GONZALES, a minor, by and through his guardian ad litem; ROBERT GONZALES;

1 MADELINE GUERARA; MARIA GUERARA; RAUL GUERARA; SIERRA GUERARA; MARIA
2 ANGELINA RAMIREZ GUTIERRAZ; JOSE GUTIERREZ; DANIEL HERRERA; ARACELI
3 JIMENEZ; FRANCISCO JAVIER JIMENEZ; GERARDO JIMENEZ; JOSEFINA JIMENEZ;
4 MARIA TRINIDAD JIMENEZ; MARTHA OFELIA JIMENEZ; RAUL JIMENEZ; RIGOBERTO
5 JIMENEZ; LETICIA LINAN; REVECA LLAMOS; ARTURO LOPEZ; GUADALUPE LOPEZ;
6 ISAAC LOPEZ; KATSUMI L. MIRALRIO LOPEZ; MATHEW LOPEZ; NAHUM SANCHEZ
7 LOPEZ; VINDIANA LOPEZ; VIVIAN LOPEZ; KARY LOPEZ MIRALRIO; EDWIN LOPEZ-PAZ;
8 EVELYN LOPEZ-PAZ; ITZEL LOPEZ-PAZ, a minor, by and through his guardian ad litem;
9 SIDNEY LOPEZ-PAZ, a minor, by and through his guardian ad litem; KIMBERLY LUNA;
10 MICHELLE LUNA; RAFAEL LUNA; DANIEL MARTIN, by and through his guardian ad litem,
11 MARIA MARTIN; ALEXIS MARTINEZ, by and through her guardian ad litem, MARIA
12 MARTINEZ; ANGEL N. SANCHEZ MARTINEZ; BARBARA MARTINEZ; BOBBY JOE
13 MARTINEZ; DOMINIC MARTINEZ; FRANCISCA MARTINEZ; FRANCISCO MARTINEZ;
14 GABRIELA MARTINEZ; JADE MARIE MARTINEZ, a minor, by and through her guardian ad
15 litem; KARINA MARTINEZ; KHRIS A. SANCHEZ MARTINEZ; RENI MARTINEZ, a minor, by
16 and through her guardian ad litem; ZIZTORINA MARTINEZ; EDITH MENDOZA; ENRIQUE LUIS
17 MENDOZA; YESENIA MENDOZA; JUDE ORTIZ, a minor, by and through her guardian ad litem;
18 MATTHEW ORTIZ; RONNIE ORTIZ; ALEXIS JOSE PASTOR; MAGZA PAZ; CANDACE
19 PEINADO; GUILLERMO A. PEREZ; ALFREDO PLIEGO; REY PLIEGO; DENIS QUINONEZ;
20 BRAULIO RAMIREZ; CESAR RAMIREZ; VERONICA RAMIREZ; URIEL RAMOS, by and
21 through her guardian ad litem CENOBIA ROSALES PENALOZA; GILBERTO RANGEL; MARIO
22 LEON REYES; SERZANDO ROBELS; GUADALUPE ROSALES; MERCEDES ROSALES;
23 KARLA S. ROSGADO; KENDERICK ROSGADO; ENRIQUE ORTEGA RUIZ; LORENZA
24 CARMEN RUIZ; MARTHA RUIZ; NORMA RUIZ; DAVID SANCHEZ; HAILEY SANCHEZ, a
25 minor, by and through her guardian ad litem; HAZELLE SANCHEZ, a minor, by and through her
26 guardian ad litem; JUAN SANCHEZ; RICHARD SANTANA; AARON SANTIBANEZ, a minor, by
27 and through his guardian ad litem; ENZO SANTIBANEZ; JAVIER SANTIBANEZ; RICARDO
28 SANTIBANEZ; TALOMA SANTIBANEZ; MARCOS SUENTES, a minor, by and through his

FIRST CONSOLIDATED COMPLAINT

guardian ad litem; DELORES TINAJERO; JOHN TINAJERO; BLANCA TIRADO; ANA VIVIAN; CAROLINE ZAVALA; CRISTIAN ZAVALA, a minor, by and through his guardian ad litem; JULIAN ZAVALA; RENAE ZAVALA; AVAHI LOPEZ ZONIGA; KARINA LOPEZ ZUNIGO; SERGIO FLORES (FATHER); SERGIO FLORES (SON); NADIA OJEDA; DELFINA P. PERALTA; ERNESTO PERALTA; ADRIAN COLE TORRES, a minor, by and through his guardian ad litem; ALBERT MICHAEL BUSTAMANTE; ANGELINA MARIE MORENO, a minor, by and through her guardian ad litem; FABIOLA LARA; LUIS LARA, JR.; JARED E. LARA, a minor, by and through his guardian ad litem, FABIOLA LARA; LUIS H. LARA; MARIA MEDINA; ODALYZ ABREO, a minor by and through her Guardian Ad Litem, REINA TORRES; CRYSTAL ACEVES, an individual; MICHAEL ACEVES, an individual; JESUS ACOSTA, an individual; ANGEL AGUILAR, a minor by and through his Guardian Ad Litem, BLANCA MORENO; CYNTHIA AGUILAR, an individual; EDWIN AGUILAR, an individual; LUIGI AGUILAR, an individual; CYNTHIA ALANIS, an individual; DENNIS ALEJANDRE, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; MARTHA AMBRIZ, an individual; JUAN LUIS ANGUIANO, a minor by and through his Guardian Ad Litem, SONIA ANGUIANO; KIMBERLY ANGUIANO, a minor by and through her Guardian Ad Litem, SONIA ANGUIANO; AVOREE ANTONIO, a minor by and through her Guardian Ad Litem, ANDREA LOPEZ; ANDY ARIZAGA, a minor by and through his Guardian Ad Litem, MICHELLE VERA; ERIKA AYON, an individual; LAURA BANUELOS, an individual; YESENIA BARAJAS, an individual; LEONNIDES JOSE BARASA, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ; DIANA BERNAL, an individual; NEMALYN BUTAC, an individual; KAREN CALERO, an individual; DNEEY CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; DNELL CAMPOS, a minor by and through her Guardian Ad Litem, JOANNA HERNANDEZ; ANA CARDENAS, an individual; MARIA CASTILLO, an individual; BREEHELEN CHAVEZ, a minor by and through her Guardian Ad Litem, AMY UVERA; JULIAN RICHARD CHAVEZ, an individual; CHRISTIAN CORTEZ, a minor by and through his Guardian Ad Litem, TERESA PENA; RUBEN CORTEZ, an individual; MARIBEL CRUZ, a minor by and through her Guardian Ad Litem, MARIA CRUZ; MARISELA CRUZ, a minor by and through her Guardian Ad Litem, MARIA

CRUZ; CHRISTIAN CURIMAO, a minor by and through his Guardian Ad Litem, KELLY CURIMAO; KELLY CURIMAO, an individual; NEVAEH CURIMAO, a minor by and through her Guardian Ad Litem, NEMALYN BUTAC; KIMBERLY CURIMAO-BUTAC, an individual; MARIA DEUSTUA, an individual; JESSICA DIAZ, an individual; JULIEANNA DURAN, an individual; ADRIAN ESCAREGA, an individual; PEDRO ESTRADA, an individual; ESTHELA FERNANDEZ, an individual; ANA FLORES, an individual; CARINA LIZETH FLORES, an individual; JOSE FLORES, an individual; KIMBERLY FLORES, an individual; MICHELLE FLORES, an individual; SALVADOR FLORES, a minor by and through his Guardian Ad Litem, VIVIANA OSATIO; ALEXA FORSYTHE, a minor by and through her Guardian Ad Litem, JEFFREY FORSYTHE; JEFFREY FORSYTHE, an individual; ANA ROSA FRANCO, an individual; ROBERTO FRANCO, an individual; DAVID FUENTES, a minor by and through his Guardian Ad Litem, ANA MARIA FLORES; SERGIO FUENTES, an individual; SERGIO A. FUENTES, an individual; JOSE GAITAN, a minor by and through his Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ANA GALVES, an individual; AKEXABDRA GARCIA, an individual; CHRISTHOPHER GARCIA, a minor by and through his Guardian Ad Litem, MARTA SANCHEZ; RUBEN GARCIA, an individual; VANESSA GARCIA, an individual; JENNIFER GOMEZ, an individual; LESZLY GOMEZ, a minor by and through her Guardian Ad Litem, MARIA VELEZ; BRIAN GOMEZ, JR., a minor by and through his Guardian Ad Litem, KAREN CALERO; MARIA LUISA GONSALEZ, an individual; AMY GUERRERO, a minor, deceased by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; ARMANDO GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; BRANDON GUERRERO, a minor by and through his Guardian Ad Litem, BERTHA ESTRADA; EVA GUERRERO, a minor by and through her Guardian Ad Litem, YUNUE AMAYELI MAYA ARIAS; GUSTAVO HERNANDEZ, a minor by and through his Guardian Ad Litem, RAQUEL SANCHEZ; HERIBERTO HERNANDEZ, an individual; HUMBERTO HERNANDEZ, an individual; ISABEL HERNANDEZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; JESSICA HERNANDEZ, an individual; JESUS HERNANDEZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; JOANNA HERNANDEZ, an individual; MANUEL HERNANDEZ, an individual; MIA HERNANDEZ, a

minor by and through her Guardian Ad Litem, HERIBERTO HERNANDEZ; ROSA HERNANDEZ, a minor by and through her Guardian Ad Litem, RAQUEL SANCHEZ; SAUL HERNANDEZ, an individual; SAUL HERNANDEZ, an individual; VALERIA HERNANDEZ, a minor by and through her Guardian Ad Litem, GABRIELA RAMOS; ROOSEVELT HUMPHREY, an individual; MARCOS IBARRA, an individual; MARTHA LAURA IBARRA, an individual; PEDRO IBARRA, an individual; NATALIE JARAMILLO, a minor by and through her Guardian Ad Litem, JOANNA VELAZQUEZ; ANGEL JIMENEZ, a minor by and through his Guardian Ad Litem, MARICARMEN ZEPEDA; CARLOS JIMENEZ, an individual; KARLA JIMENEZ, a minor by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; ROSA LASCANO, an individual; ALLISON LONA, a minor by and through her Guardian Ad Litem, AZUCENA LAGUNA; ARNOLD LONA, a minor by and through his Guardian Ad Litem, AZUCENA LAGUNA; ANDREA LOPEZ, an individual; BILLY LOPEZ, a minor by and through his Guardian Ad Litem, ALICIA MONCADA; EDWIN LOPEZ, an individual; GABRIELLE LOPEZ, a minor by and through her Guardian Ad Litem, DALILIA MENDEZ; JESUS LOPEZ, an individual; KAMILAH LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; KATIE LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; KENIA LOPEZ, a minor by and through her Guardian Ad Litem, OSMAR LOPEZ; MARILYN LOPEZ, a minor by and through her Guardian Ad Litem, AREKY MERINA; ISRAEL LORENZO, an individual; PEDRO LUIS LORENZO, a minor by and through his Guardian Ad Litem, LUZ MARIA ROMAN; LINO LORENZO, decedent by and through his successor in interest, PEDRO LORENZO; PEDRO LORENZO, an individual; VICTOR LUEVANOS, an individual; GERARDO LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYONS; JESUS LUQUE, a minor by and through his Guardian Ad Litem, ERIKA AYON; CAMILA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; LUNA MAGANA, a minor by and through her Guardian Ad Litem, KARINA DIAZ; DAVIAN MARQUEZ, a minor by and through her Guardian Ad Litem, RUTH M. TOLEDO; ASHLEY MARTINEZ, an individual; CLAUDIA MARTINEZ, a minor, deceased by and through her Guardian Ad Litem, LURDES VILLEGAS; JARINTZI MAYA, an individual; NICHOLAS MAYA, an individual; ALEJANDRO MEDINA, an individual; CHERYLE MEDINA, an individual; GONSALO

MEDRANO, an individual; ALIZE MEJIA, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; BELLA MEJIA, a minor by and through her Guardian Ad Litem, JOSALYN PEREZ; BRIAN MEJIA, an individual; NICOLE MEJIA, an individual; JUAN MENDEZ, an individual; ALEXANDRO MERAZ, an individual; ALICIA MONCADA, an individual; ARTURO MONTERO, an individual; JIMMY MORALES, JR., a minor by and through his Guardian Ad Litem, VANESSA GARCIA; JIMMY MORALES, an individual; JOVITA MORALES, an individual; BLANCA MORENO, an individual; CLAUDIA MORENO, an individual; RAFAEL NARANJO, an individual; JOEY NAVARETTE, an individual; MARTHA NEVARES, an individual; KAITLYN NOGUERA, a minor by and through her Guardian Ad Litem, EVA SEGURA; BRENDA NUNEZ, an individual; GERARDO NUNEZ, an individual; GERMAN NUNEZ, an individual; ISAAC OCHOA, a minor by and through his Guardian Ad Litem, AMY UVERA; MARIA OCHOA, an individual; ANGEL ORTIZ, a minor by and through his Guardian Ad Litem, WENDY ORTIZ; DARLENE ORTIZ, an individual; STEPHANIE ORTIZ, a minor by and through her Guardian Ad Litem, WENDY ORTIZ; VIVIANA OSORIO, an individual; BRYSEN PALOMAREA, a minor by and through his Guardian Ad Litem, CHERYLE MEDINA; JESSICA PARENTE, an individual; NORDIS PARENTE, an individual; CARMEN PAVIA, an individual; JERRY PAVIA, an individual; TERESA PENA, an individual; ANA PEREIRA, an individual; CLAUDIA PEREIRA, an individual; JACKIE PEREZ, an individual; JAYLEEN PEREZ, a minor by and through her Guardian Ad Litem, JACKIE PEREZ; ALEXIS RAMIREA, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; ANGEL RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; KENNETH RAMIREZ, a minor by and through his Guardian Ad Litem, YESENIA RAMOS; OLIVIA RAMIREZ, a minor by and through her Guardian Ad Litem, SELINA RAMIREZ; OSARK RAMIREZ, an individual; SELINA RAMIREZ, an individual; GABRIELA RAMOS, an individual; ALICIA RANGEL, an individual; DAISY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; DESTINY RENTERIA, a minor by and through her Guardian Ad Litem, VANESSA RODRIGUEZ; JUAN RENTERIA, an individual; FLOR REYES, an individual; JEREMY REYES, a minor by and through his Guardian Ad Litem, CYNTHIA AGUILAR; SAMANTHA REYES, a minor by and through her Guardian Ad Litem, CYNTHIA AGUILAR; ISAI

FIRST CONSOLIDATED COMPLAINT

RINCON, a minor by and through his Guardian Ad Litem, ALMA VARGAS; AUDRINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDY RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; ELIJAH RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; MATTHEW RIOS, a minor by and through his Guardian Ad Litem, MARIA CASTILLO; NATALIA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; PRINCESS SERINA RIOS, a minor by and through her Guardian Ad Litem, MARIA CASTILLO; BRANDON RIOS, decedent by and through his successor in interest, MARIA CASTILLO; RAFAEL RODRIGO, an individual; VALERIA RODRIGUEZ, an individual; VANESSA RODRIGUEZ, an individual; STEPHEN ROJAS, an individual; LUZ MARIA ROMAN, an individual; LUCIA ROMO, an individual; ANTHONY ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ASHLEY ROSALES, an individual; HECTOR ROSALES, a minor by and through his Guardian Ad Litem, ALICIA JURADO; ONNIKA ROSALES, a minor by and through her Guardian Ad Litem, ALICIA JURADO; ARIEL SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; KING ISAIAH SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RUBEN SALINAS, a minor by and through his Guardian Ad Litem, LAURA BANUELOS; RAQUEL SANCHEZ, an individual; ANGEL SANDOVAL, a minor by and through his Guardian Ad Litem, TERESA PENA; ADRIEN SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; CHRISTOPHER SEGURA, a minor by and through his Guardian Ad Litem, EVA SEGURA; HUMBERTO SEGURA, a minor by and through his Guardian Ad Litem, BRENDA VELA; VALERIE SEGURA, a minor by and through her Guardian Ad Litem, BRENDA VELA; JUSTINE SERGIO, an individual; ANTHONY SORIANO, an individual; ROGER SORIANO, an individual; BRIAN TAPIA, an individual; RUTH TOLEDO, an individual; HAILEY TORREZ-ORASCO, a minor by and through her Guardian Ad Litem, REINA TORRES; EBONY TOSCANO, a minor by and through her Guardian Ad Litem, ELENA IBARRA; JANEIRA TOSCANO, an individual; URIEL TOVAR, an individual; KEVAN URGUILLA, a minor by and through his Guardian Ad Litem, NATALIE DIAZ; AMY UVERA, an individual; FATIMA JASMIN VARAJAS, a minor by and through her Guardian Ad Litem, GRISELDA VARAJAS; GRISELDA VARAJAS, an individual; MARTIN VARAJAS, an individual;

1    MARTIN VALENSI VARAJAS, an individual; ALEN VARGAS, a minor by and through his

2    Guardian Ad Litem, ALMA VARGAS; ALMA VARGAS, an individual; ANGEL VARGAS, an

3    individual; CHRISTIAN VARGAS, an individual; MARK VARGAS, a minor by and through his

4    Guardian Ad Litem, RUBEN VARGAS QUIROGA; RUBEN VARGAS QUIROGA, an individual;

5    VALARIE VARGAS, an individual; RUBEN VARGAS-GARCIA, an individual; ANTONIO

6    VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN VASQUEZ;

7    CARLOS VASQUEZ, a minor by and through his Guardian Ad Litem, MARIA DEL CARMEN

8    VASQUEZ; MARIA DEL CARMEN VASQUEZ, an individual; MICHELLE VASQUEZ, a minor

9    by and through her Guardian Ad Litem, MARICARMEN ZEPEDA; JOSE P. VELASQUEZ, an

10    individual; JOSE J. VELASQUEZ, a minor by and through his Guardian Ad Litem, JULIEANNE

11    DURAN; ALEJO VELEZ, an individual; MARIA VELEZ, an individual; JOHNNY VERA, a minor

12    by and through his Guardian Ad Litem, MICHELLE VERA; NATHALIE VERA, a minor by and

13    through her Guardian Ad Litem, MICHELLE VERA; FERNANDO VERGARA, a minor by and

14    through his Guardian Ad Litem, CLAUDIA MORENO; MATTHEW WADE, a minor by and through

15    his Guardian Ad Litem, YENI RIVERA; MARIA ZEPEDA, an individual; MARICARMEN

16    ZEPEDA, an individual; JESUS CAMPAS, an individual, and CRAIG R. JALBERT as trustee of the

17    Vernon Tort Claims (collectively referred to as "Plaintiffs"), and allege as follows:

18    **GENERAL ALLEGATIONS**

19      1.    With the exception of Craig R. Jalbert as trustee of the Vernon Tort Claims Trust, each

20    of the Plaintiffs is and was and at all times relevant hereto an individual residing within the County of

21    Los Angeles, State of California. Each of said individual Plaintiffs is also a beneficiary of the Vernon

22    Tort Claims Trust established as part of the reorganization of defendant EXIDE TECHNOLOGIES

23    (hereinafter "EXIDE") under Chapter 11 of the U.S. Bankruptcy Code, in U.S. Bankruptcy Court, in

24    the District of Delaware, Case No. 13-11482 (KJC). Plaintiff Craig R. Jalbert is the trustee of the

25    Vernon Tort Claims Trust and brings this action solely on behalf of said Trust and its beneficiaries.

26      2.    At all times mentioned, EXIDE is and was a Delaware Corporation, authorized and

27    qualified to do business in the state of California which, as aforesaid, recently underwent

28    reorganization under Chapter 11 of the U.S. Bankruptcy Code. In accordance with the terms of the

26

FIRST CONSOLIDATED COMPLAINT

1  Debtor's Fourth Amended Plan of Reorganization under Chapter 11 re EXIDE dated March 27, 2015,

2  and related orders, along with the Vernon Tort Claims Trust Agreement, Plaintiffs bring this action

3  directly against EXIDE to the extent there is applicable insurance, with the exception of certain of

4  policies which have already contributed to the Trust. At all times herein mentioned, EXIDE is and was

5  doing business in California at a facility in the City of Vernon, County of Los Angeles. The individual

6  Defendants, and each of them, are various officers, directors and managers of EXIDE.

7        3.    Plaintiffs are informed and believe and thereon allege that Defendant JAMES R.

8  BOLCH is, and at all relevant times mentioned herein, was Defendant EXIDE's Chief Executive

9  Officer and a resident of the State of Georgia.

10        4.    Plaintiffs are informed and believe and thereon allege that Defendant PHILLIP

11  DAMASKA is, and was at all relevant times mentioned herein, Defendant EXIDE's Chief Financial

12  Officer and a resident of the State of Georgia.

13        5.    Plaintiffs are informed and believe and thereon allege that Defendant ED MOPAS is,

14  and at all relevant times mentioned herein was, Defendant EXIDE's Environmental Manager at the

15  Vernon Facility and a resident of the State of California, County of Los Angeles.

16        6.    Plaintiffs are informed and believe and thereon allege that Defendant JOHN

17  HOGARTH is, and at all relevant times mentioned herein was, the Plant Manager at the Vernon Exide

18  Facility and a resident of the State of California, County of Los Angeles.

19        7.    Plaintiffs are further informed and believe and thereon allege that Defendant R. PAUL

20  HIRT JR. is, and at all relevant times mentioned herein was, Defendant EXIDE's President and a

21  resident of the State of Georgia.

22        8.    Plaintiffs are ignorant of the true names and capacities of the Defendants sued in this

23  complaint as DOES 4 through 100 and therefore sue these Defendants by such fictitious names.

24  Plaintiffs will amend this complaint to allege the Doe Defendants' true names and capacities when

25  ascertained. Plaintiffs are informed and believe, and on that basis allege, that each of the

26  Defendants designated as "DOE" is legally responsible in some manner for the events and

27  happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by

28  such Defendants.

FIRST CONSOLIDATED COMPLAINT

1    9.    Plaintiffs are informed and believe, and thereon allege, that each Defendant acted as the

2  agent for each other Defendant in doing the acts alleged herein and that each Defendant ratified and

3  otherwise adopted such acts and statements as were performed, made or carried out by each other

4  Defendant.

5    10.    Venue over this action is proper in the Superior Court of Los Angeles County pursuant

6  to *Code of Civil Procedure*, §395.5 because the incident that is the subject of this action took place in

7  this County, and this County is where Defendants' obligation or liability arose.  None of the Plaintiffs

8  herein seek a joint or common trial with any other plaintiffs in any related action.

9                    **ALLEGATIONS REGARDING THE EXIDE VERNON PLANT**

10    11.    Plaintiffs are informed and believe, and thereon allege, that EXIDE is one of the

11  world's largest manufacturers and recyclers of lead-acid batteries.

12    12.    Plaintiffs are informed and believe, and thereon allege, that EXIDE owns and operates

13  a plant at 2700 South Indiana Street, Vernon, California (hereinafter referred to as the "PLANT") that

14  among other things, recycles lead batteries.  The PLANT is located on approximately 24 acres of land.

15  The parcel is zoned for heavy industrial use (Zone M-2).

16    13.    The PLANT is a secondary lead smelting facility which recovers lead from recycled

17  automotive batteries.  The PLANT has been in operation since 1922, and runs three (3) shifts a day,

18  every day.  The PLANT recycles 23,000 to 41,000 batteries daily.  Equipment used in the battery

19  recycling process includes machines to break batteries apart and separate different materials, furnaces

20  and kettles to melt metals, and miscellaneous equipment including storage tanks, conveying

21  equipment, and engines.

22    14.    The facility has been used for a variety of metal fabrication and metal recovery

23  operations since 1922.  Previous owners include Morris P. Kirk & Sons Inc., Gould, Inc. and GNB,

24  Inc.  The primary use has been lead-acid battery recycling since the late 1970's.

25    15.    Plaintiffs are informed and believe, and thereon allege, that EXIDE recycles batteries

26  by recovering lead and polypropylene.  The sulfuric acid from the batteries is treated and recycled by

27  use in the PLANT's wastewater treatment system and the treated liquid is discharged into the sewer.

28    16.    Plaintiffs are informed and believe, and thereon allege, that the PLANT has an average

1  production of 100,000 to 120,000 tons of lead per year. This is equivalent of recycling approximately

2  11 million automotive batteries. The PLANT also recycles lead-bearing plant scrap and other lead-

3  bearing materials.

4      17.    Plaintiffs are informed and believe, and thereon allege, that throughout its history,

5  including up to the present time, the PLANT has emitted and continues to emit dangerously high

6  levels of lead and arsenic, among other pollutants, into the atmosphere which adversely affects the air

7  quality in a defined area around the PLANT and beyond the industrial area of Vernon. Said defined

8  area (hereinafter referred to as the "PLUME") covers a broad area to the east and south of Vernon, but

9  is most concentrated in the nearby communities of Maywood, Bell, Huntington Park, Boyle Heights

10  and other nearby communities and neighborhoods.

11  **GOVERNMENT REGULATORS**

12      18.    The Department of Toxic Substances Control regulates companies that handle

13  hazardous waste under authority of the federal Resource Conservation and Recovery Act of 1976.

14  Under federal law, regulators permit companies like EXIDE to handle hazardous materials like lead,

15  as long as they do so safely. Said Department, *inter alia,* writes permits, inspects facilities, issues

16  violations of hazardous waste rules, and monitors corrective action at sites.

17      19.    The South Coast Air Quality Management District regulates EXIDE's air emissions, in

18  part with what is called a Title V permit, which allows the company to release pollutants into the air

19  up to certain levels.

20      20.    The L.A. Regional Water Quality Control Board is responsible for protecting water

21  quality around EXIDE (as well as around the Los Angeles River and along the coast). EXIDE has

22  wastewater treatment systems, and a storm water system that includes a retention basin. Water

23  regulators set standards for water that flows away from EXIDE's property into the sewer.

24      21.    The City of Vernon issues health and other permits to EXIDE.

25  **RISKS OF EXPOSURE TO LEAD AND ARSENIC**

26      22.    Both lead and arsenic are heavy metals, and each is recognized as a carcinogen by the

27  state of California. Lead is further recognized as a reproductive and developmental toxicant. [See

28  generally Health & Safety Code Section 25249, et seq.] Both elements are systemic toxicants, as

discussed further herein. Lead causes severe and permanent injuries, including, but not limited to renal dysfunction and cancer, learning disabilities, decrements in intelligence, and deficits in a wide range of neuropsychological areas including visual motor skills, fine motor skills, verbal skills, attention and concentration, memory, comprehension and impulse control. Children are particularly susceptible to the effects of lead exposure, prompting the California Legislature to declare that "childhood lead exposure represents the most significant childhood environmental health problem in the state today." [Health and Safety Code, §124150]

23. Inorganic arsenic from secondary lead smelting is recognized by the State of California as a toxic air contaminant strongly linked to lung cancer and other respiratory ailments. Ingestion of arsenic through exposure to soil and water contamination is linked to various other forms of cancer.

### DTSC SHUTDOWN OF THE PLANT

24. On April 24, 2013, the California State Department of Toxic Substance Control ordered EXIDE to suspend its operations of PLANT after it found that the PLANT was discharging illegal amounts of lead and arsenic into the air, water and soil. Shortly thereafter, however, EXIDE persuaded the Superior Court to allow it to continue operations while it pursued an administrative appeal with DTSC. On information and belief, the PLANT continued to emit lead, arsenic and other toxic compounds into the air, water and soil in excess of legal and safe limits and in violation of emissions standards, rules and regulations, until the PLANT was permanently shut down in approximately March, 2015 as part of a non-prosecution agreement with the federal government.

### PLAINTIFFS' DISCOVERY OF THE HAZARDOUS CONDITIONS CREATED BY EXIDE AT THE VERNON PLANT

25. Plaintiffs did not discover the connection between exposure to lead, arsenic and other toxic contaminants discharged by EXIDE at the PLANT and Plaintiffs' ongoing physical injuries, illnesses, ailments and related conditions until sometime after April 24, 2013 when the news broke about the DTSC shutdown.

26. Plaintiffs could not reasonably have known about the contamination, or the serious risk to human health and safety posed by the contamination, because the contamination exists in a manner that was not readily apparent.

27. Plaintiffs reasonably believed, and relied upon, representations made by the EXIDE, by and through the individual Defendants, or with the knowledge, consent, approval or ratification of said Defendants and others, to governmental regulators, that discharges from the PLANT were safe and did not harbor conditions that were a significant threat to public health and safety.

28. Plaintiffs had no reason to suspect that EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, would mislead and/or conceal information from Plaintiffs, the public in general and governmental regulators regarding the existence of contamination, or the harmful nature of the contamination, of discharges from the PLANT.

29. As such, Plaintiffs did not suspect, nor should they have suspected, that discharges from the EXIDE posed a serious risk to human health and safety.

30. Because Plaintiffs did not suspect, and should not have suspected, that the conditions at the PLANT and its discharges into the air, soil and groundwater posed a serious risk to human health and safety, a reasonably prudent person would have no cause to conduct a further investigation into the scope and extent of the contamination caused by EXIDE and its officers, directors and managers — the Defendants herein.

## SPECIFIC ALLEGATIONS AS TO INDIVIDUAL DEFENDANTS

31. Plaintiffs are informed and believe and thereon allege that as CEO of EXIDE, Defendant James R. Bolch ratified the conduct of other Exide officers, directors and managers, and conspired with them, to continue a policy of violating various pollution control rules and regulations and then hiding the true nature of such pollution from government officials and the general public. The acts constituting such conduct included, but were not necessarily limited to:

    a) The commission of various felonies surrounding the management, emission and leakage of hazardous waste material from the PLANT, as set forth in Appendix 1 of the Non Prosecution Agreement, attached as Exhibit 1 hereto

    b) Failure to properly report to government regulators known hazardous and toxic air emissions from the PLANT in excess of federal, state and local air pollution standards;

     c)   Failure to properly maintain scrubbers and other air pollution control equipment at the PLANT as a means to save money at the risk of harm to the general public;

     d)   Knowingly exposing the general public within the PLUME area of the PLANT to dangerous and unlawful levels of lead, arsenic and other toxic air contaminants; and,

     e)   Knowingly failing to notify and inform members of the general public of the true nature and extent of known toxic air contaminants and chemicals known to cause cancer and birth defects being emitted from the PLANT, as required by Proposition 65 and other laws and regulations.

32.    On information and belief, as the PLANT's environmental manager, defendant Ed Mopas ratified the conduct of other Exide officers, directors and managers, and conspired with them, to continue and promulgate a policy of violating various pollution control rules and regulations and then hiding the true nature of such pollution from government officials and the general public. The acts constituting such conduct included, but were not necessarily limited to:

     a)   The commission of various felonies surrounding the management, emission and leakage of hazardous waste material from the PLANT, as set forth in Appendix 1 of the Non Prosecution Agreement, attached as Exhibit 1 hereto;

     b)   Failure to properly report to government regulators known hazardous and toxic air emissions from the PLANT in excess of federal, state and local air pollution standards;

     c)   Failure to properly maintain scrubbers and other air pollution control equipment at the PLANT as a means to save money at the risk of harm to the general public;

     d)   Knowingly exposing the general public within the PLUME area of the PLANT to dangerous and unlawful levels of lead, arsenic and other toxic air contaminants; and,

     e)   Knowingly failing to notify and inform members of the general public of the true nature and extent of known toxic air contaminants and chemicals known to cause cancer and birth defects being emitted from the PLANT, as required by

1    Proposition 65 and other laws and regulations.

2    33.    On information and belief, as the PLANT's manager, defendant John Hogarth ratified

3    the conduct of other Exide officers, directors and managers, and conspired with them, to continue and

4    promulgate a policy of violating various pollution control rules and regulations and then hiding the

5    true nature of such pollution from government officials and the general public.  The acts constituting

6    such conduct included, but were not necessarily limited to:

7          a)    The commission of various felonies surrounding the management, emission and

8                leakage of hazardous waste material from the PLANT, as set forth in Appendix 1

9                of the Non Prosecution Agreement, attached as Exhibit 1 hereto;

10         b)    Failure to properly report to government regulators known hazardous and toxic air

11                emissions from the PLANT in excess of federal, state and local air pollution

12                standards;

13         c)    Failure to properly maintain scrubbers and other air pollution control equipment

14                at the PLANT as a means to save money at the risk of harm to the general public;

15         d)    Knowingly exposing the general public within the PLUME area of the PLAINT

16                to dangerous and unlawful levels of lead, arsenic and other toxic air contaminants;

17                and,

18         e)    Knowingly failing to notify and inform members of the general public of the true

19                nature and extent of known toxic air contaminants and chemicals known to cause

20                cancer and birth defects being emitted from the PLANT, as required by

21                Proposition 65 and other laws and regulations.

22    34.    On information and belief, as President of EXIDE, defendant R. Paul Hirt, Jr. ratified

23    the conduct of other Exide officers, directors and managers, and conspired with them, to continue a

24    policy of violating various pollution control rules and regulations and then hiding the true nature of

25    such pollution from government officials and the general public.  The acts constituting such conduct

26    included, but were not necessarily limited to:

27         a)    The commission of various felonies surrounding the management, emission and

28                leakage of hazardous waste material from the PLANT, as set forth in Appendix 1

of the Non Prosecution Agreement, attached as Exhibit 1 hereto;

b) Failure to properly report to government regulators known hazardous and toxic air emissions from the PLANT in excess of federal, state and local air pollution standards;

c) Failure to properly maintain scrubbers and other air pollution control equipment at the PLANT as a means to save money at the risk of harm to the general public;

d) Knowingly exposing the general public within the PLUME area of the PLANT to dangerous and unlawful levels of lead, arsenic and other toxic air contaminants; and,

e) Knowingly failing to notify and inform members of the general public of the true nature and extent of known toxic air contaminants and chemicals known to cause cancer and birth defects being emitted from the PLANT, as required by Proposition 65 and other laws and regulations.

## SPECIFIC ALLEGATIONS REGARDING THIRD PARTY DEFENDANTS

35.     Defendant ADVANCED CONSTRUCTORS CORP. (formerly named as DOE 1) is a California corporation doing business within the county of Los Angeles and throughout Southern California. Defendants RANDAL BROWN (formerly named as DOE 2) and RANDAL BROWN, II (formerly named as DOE 3) are the principals, officers, directors and/or managers of Advanced Constructors. Based on further information and belief, these defendants and DOES 4 through 50 (hereinafter collectively the "third party" defendants) were at all times relevant hereto vendors, suppliers, contractors and other individuals and business entities that were involved in the handling of hazardous waste and/or the supply or maintenance of emissions control devices and measures at the PLANT. On further information and belief, these defendants contributed to the harms suffered by Plaintiffs herein and the community at large by:

a) Negligently, or knowingly and intentionally, assisting Exide and the individual defendants in various acts surrounding the management, emission and leakage of hazardous waste material from the PLANT, as set forth in Appendix 1 of the Non Prosecution Agreement, attached as Exhibit 1 hereto;

b) Negligently, or knowingly and intentionally, assisting Exide and the individual defendants in improperly reporting to government regulators the true nature of known hazardous and toxic air emissions from the PLANT in excess of federal, state and local air pollution standards;

c) Negligently, or knowingly and intentionally, and at the behest of Exide and the individual defendants, failing to properly maintain scrubbers and other air pollution control equipment at the PLANT as a means to help Exide save money at the risk of harm to the general public;

d) Negligently, or knowingly and intentionally, assisting Exide and the individual defendants in various other acts that were exposing the general public within the PLUME area of the PLANT to dangerous and unlawful levels of lead, arsenic and other toxic air contaminants; and,

e) Negligently, or knowingly and intentionally, assisting Exide and the individual defendants in failing to notify and inform members of the general public of the true nature and extent of known toxic air contaminants and chemicals known to cause cancer and birth defects being emitted from the PLANT, as required by Proposition 65 and other laws and regulations.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

**(Against All Defendants)**

36. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

37. Plaintiffs, and each of them, variously reside and/or own residential property within the PLUME. EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, owed a duty to Plaintiffs to exercise due care and diligence in their ownership, maintenance, operation, supervision, inspection, management, coordination, protection or other conduct at the PLANT, and to conduct their activities at the PLANT with reasonable care, given the nature of EXIDE's and Defendants' activities and the proximity of Plaintiffs and other members of

the community present in the vicinity of the PLANT.

38.     Defendants, and each of them, had a continuing obligation and duty to warn Plaintiffs concerning Defendants' improper maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances at the PLANT, Defendants' failure to remediate or clean up the contamination, the fact that the water, soil and air around the PLANT was contaminated with hazardous and/or toxic substances and the reasonable and foreseeable effects of Defendants' conduct and the contamination on Plaintiffs.

39.     Defendants, and each of them, in their capacities as owners, directors, officers, employees, representatives and/or agents of EXIDE, negligently, recklessly, willfully, carelessly, and unlawfully owned, maintained, operated, supervised, regulated, inspected, managed, coordinated, protected and/or otherwise conducted their operations and/or business affairs at the PLANT, including the improper maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances at the PLANT, and the failure to remediate or clean up the contamination, so as to cause harm to Plaintiffs.

40.     Defendants knew or should have known that their failure to use a reasonable degree of care in their ownership, maintenance, operation, supervision, inspection, management, coordination, protection or other conduct at the PLANT, including the improper maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances at the PLANT, as well as the failure to remediate or clean up the pollution, did cause and continues to cause the groundwater, surface and subsurface soil and environment surrounding the PLANT to be contaminated with hazardous and/or toxic substances. Defendants failed to warn and/or gave inadequate warnings about their tortious conduct or the fact that the water, soil and air around the PLANT were contaminated with hazardous and/or toxic substances, despite Defendants' superior knowledge. As a result, Plaintiffs have been injured in their health, and have sustained other harms, all according to proof at the time of trial.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## NEGLIGENCE PER SE

### (Against All Defendants)

41.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

42.     During the time of EXIDE's acts and omissions with regard to the PLANT, EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, various statutes, ordinances, and regulations existed regarding use, handling, storage, disposal and release of hazardous and/or toxic substances.

43.     During the time of EXIDE's acts and omissions with regard to the PLANT, EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, with regard to the PLANT, EXIDE failed to comply with or adhere to the statutory duty of care regarding the use, storage, handling and release of such hazardous and/or toxic substances. Such failure to comply with the statutory duty of care constitutes negligence *per se*.

44.     EXIDE's acts and omissions and failure to use reasonable diligence with regard to the PLANT constitute numerous and repeated violations of applicable statutes and regulations, including, *inter alia: Health & safety Code,* §§5411, 25189.5, 25208.4, 25359.2, 25507, 39674, 41700, 42402.1, 42402.2, 44300; *California Water code,* §§13000, 13260, 13350, and 13385; *California Fish And Game Code* §§5650 and 12015(b); 17 Cal.Code Regs. §93102 and 23 Cal.Code.Regs. §2550.0 *et seq.*; Southern California air quality Management District ("SCAQMD") Rules 203(b), 402, 1169, 1402 and 1404, 1407(d)(5), 1420.13002(c)(1), 3004(a)(4)(f), 3004(a)(10)(e), ; Los Angeles County Sanitation Districts Wastewater Ordinance §§406, and 414; Los Angeles County Code Articles 11 and 12 and accompanying and incorporated rules and administrative regulations.

45.     Plaintiffs were and are members of the class of persons for whose protection the statutes were adopted. The applicable statues and regulations, as mentioned above, were intended to prevent the types of injury to Plaintiffs as alleged herein. Accordingly, Defendants' actions are negligent as a matter of law.

46.     As a direct and proximate result of Defendants' violation of the statutes and negligence

per se, Plaintiffs suffered the types of injuries which are reasonably foreseeable as a result of Defendants' negligence per se. The aforementioned damages and injuries were the sole, direct and proximate result of Defendants' aforementioned *negligence per se*.

47.     EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, caused Plaintiffs to be exposed to hazardous and/or toxic substances, yet willfully and deliberately failed to safeguard against said consequences. By reason of Defendants' aforesaid reckless, malicious and oppressive acts and omissions, in conscious disregard of others' safety, Plaintiffs are entitled, pursuant to *Civil Code* §3294, to an award of exemplary damages according to proof.

## THIRD CAUSE OF ACTION

### STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY

### (Against All Defendants)

48.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

49.     EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, maintained, used, stored, produced, manufactured, distributed, packaged, tested, released, discharged and disposed of hazardous and/or toxic substances most notably lead and arsenic into the air, surface and subsurface soil, groundwater and environment at and around the PLANT, which acts were and are an ultrahazardous activity in that:

a)  There necessarily existed a high degree of risk of harm to persons, animals, land and chattels of others from the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances into the air, surface and subsurface soil, groundwater and environment;

b)  There existed, and still exists, a reasonable probability that great harm to persons, animals, land and chattels of others would result from the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances into the surrounding

air, surface and subsurface soil, groundwater and environment, resulting in toxic contamination of the air, surface and subsurface soil, groundwater and environment. The solvents, waste and byproducts involved in the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release and disposal of the hazardous and/or toxic substances are dangerous and highly toxic, are known to be carcinogens and reproductive toxicants, and further known to be ecologically devastating if discharged into the air, surface and subsurface soil, groundwater and environment. Specifically, the risk of harm to even minute levels of exposure to lead and/or arsenic and/or the other contaminants is great;

c) An inherent risk of harm necessarily exists in the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances at the PLANT which cannot be eliminated by the exercise of the utmost care. Defendants' operations require the use or emissions of hazardous and/or toxic substances, including lead and arsenic, a toxic and carcinogenic chemical that is unsafe at any level of exposure. It is impossible for EXIDE to perform their operations at the PLANT without the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances, including lead and/or arsenic. Thus, even if EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, used reasonable care in their operations at the PLANT, including the proper maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances, the inherent dangers in such activities cannot be wholly avoided or eliminated;

d) The maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances undertaken by defendants are not matters of common usage, as they are not

customarily carried on by many people in the community;

e) The maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances into the air, surface and subsurface soil, drinking water, groundwater and environment took place with the knowledge and/or awareness of the proximity of homes, schools, parks, businesses and/or private and public property frequented by members of the neighboring communities who were unaware of the dangers presented; and

f) Defendants' activities, including the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances, have little value to society, and said value, if any, is outweighed by the inherently dangerous attributes of such activities and the likelihood of harm resulting therefrom.

50. Defendants, and each of them, in their capacities as owners, stockholders, directors, officers, managers, representatives and/or agents of EXIDE, knew or should have known, that their activities at the PLANT, including the maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of hazardous and/or toxic substances into the air, surface and subsurface soil, groundwater and environment at and around the PLANT, would create and has created actual harm to Plaintiffs.

51. As a direct and proximate result of said ultrahazardous activities, Plaintiffs suffered and sustained the types of injuries which are reasonably foreseeable as a result of said ultrahazardous activities, including injuries to their persons and financial interests in an as yet undetermined amount to be proven at trial.

52. Defendants, and each of them, in their capacities as owners, stockholders, directors, officers, managers, representatives and/or agents of EXIDE, caused and continue to cause Plaintiffs to be exposed to hazardous and/or toxic substances, yet willfully and deliberately failed to warn or safeguard against such consequences, resulting in great and irreparable harm to Plaintiffs. By reason of Defendants' reckless, malicious and oppressive acts and omissions, and in conscious disregard of

others' safety, Plaintiffs are entitled to an award of exemplary or punitive damages.

## FOURTH CAUSE OF ACTION

### MISREPRESENTATION AND FRAUDULENT CONCEALMENT

#### (Against All Defendants)

53.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

54.     At all times mentioned herein, Plaintiffs reposed trust and confidence in Defendants, and each of them, and relied upon Defendants' superior knowledge of toxic chemicals and substances, and the hazardous conditions created by Defendants' maintenance, use, storage, production, manufacture, distribution, packaging, testing, release, discharge and disposal of such hazardous and/or toxic substances in the ownership, maintenance, operation, supervision, inspection, management, coordination, or protection of the PLANT.

55.     Defendants, and each of them, in their capacities as owners, stockholders, directors, officers, managers, representatives and/or agents of EXIDE, were aware that the operations at the PLANT included the use of large amounts of hazardous and/or toxic substances, including lead and arsenic. Defendants knew that hazardous and/or toxic substances, including lead and arsenic, had contaminated the air, soil, groundwater, and environment from sudden and accidental discharges or as a consequence of normal operations at the PLANT.

56.     Through their reporting to various local, state and federal regulatory agencies, including SCAQMD and DTSC, EXIDE, acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, represented to the public at large that the PLANT's emissions were safe and within regulatory limits. However, said representations proved to be false as revealed by DTSC when the PLANT was temporarily shut down in April, 2013.

57.     Plaintiffs' injuries and damages were proximately caused by the response of governmental officials to EXIDE's and the individual Defendants' misrepresentations as alleged herein. Government officials acted in reliance upon these misrepresentations and failed to regulate EXIDE in a manner which would have prevented the injurious health exposures to Plaintiffs. The governmental agencies' failure to act due to their reliance upon EXIDE's and the individual

Defendants' misrepresentations caused Plaintiffs' injuries and damages. As a result of said reliance, the governmental agencies failed to appropriately regulate EXIDE's conduct, which led to Plaintiffs' increased and injurious exposures. This reliance was the intended result of EXIDE's and Defendants' misrepresentations.

58.     EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, disbursed lead, arsenic and other toxicants into the air, soil and groundwater, leading to unnecessarily and dangerously high exposures to the communities, residences, businesses and schools surround the PLANT. During this time period, EXIDE and the individual Defendants concealed from the public and agency regulators the dangers of this egregious practice and repeatedly misrepresented both orally and in writing the nature of the disposal practices at the PLANT. EXIDE and the individual Defendants were repeatedly warned to cease these illegal practices but failed to do so. Instead, EXIDE and Defendants misrepresented to governmental agency regulators that they had ceased such activities and were controlling said activities such that harmful and toxic pollutants were not being released into the air, soil and groundwater in levels that would be harmful.

59.     EXIDE and the individual Defendants knew and expected that their misrepresentations would be communicated to the community and that the community would rely upon said misrepresentations. Defendants expected and intended that their misrepresentations would induce reliance and influence the behavior of the community and calm worries regarding health concerns. This conduct was willful and knowing.

60.     Plaintiffs' injuries and damages were proximately caused by the response of governmental officials to the misrepresentations of EXIDE and the individual Defendants. Governmental officials acted in reliance upon these misrepresentations and failed to regulate EXIDE in a manner which would have prevented the injurious health exposures to Plaintiffs. The governmental agencies' failure to act due to their reliance upon EXIDE's and Defendants' misrepresentations caused the injuries and damages to Plaintiffs. Despite the heightened risk to Plaintiffs and the public, EXIDE and the individual Defendants lulled the regulators into believing that exposures were less than they were which led to insufficient regulation and to increased and injurious

exposures to Plaintiffs and the public. Said reliance was the intended result of the misrepresentations. This reliance was foreseeable given the community's close proximity to the PLANT and the general concern about health risks for the community.

61.     EXIDE and the individual Defendants had a duty to disclose by a clear and reasonable warning, reasonably calculated to give Plaintiffs and the public adequate notice prior to exposing them to hazardous and/or toxic substances. Such duty was placed upon EXIDE and the individual Defendants by the common law and a myriad of statutes and regulations cited above and all implementing regulations thereto.

62.     EXIDE and the individual Defendants intentionally withheld, misrepresented and concealed from Plaintiffs, the public and governmental entities the knowledge that such hazardous and/or toxic substances had contaminated the air, groundwater and soil at and surrounding the PLANT, and EXIDE and the individual Defendants have never provided any warning to Plaintiffs, the public and governmental entities concerning the contamination of their air, groundwater, soil and environment. EXIDE and the individual Defendants have fraudulently and clandestinely removed and/or destroyed evidence, including but not limited to soil, sand and equipment, of the extensive contamination at the PLANT and surrounding community so that Plaintiffs and community members would be deceived as to the full extent of the injurious contamination and concomitant health effects.

63.     EXIDE, acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, misrepresented, suppressed and fraudulently concealed information from Plaintiffs, the public and governmental entities regarding the toxic contamination of the groundwater, surface and subsurface soil and environment and cancer clusters in and around the PLANT and surrounding community. Defendants knowingly, intentionally and willfully misrepresented the safety of their activities at the PLANT and the quality of the air, soil, groundwater and environment and safety of human health. EXIDE and the individual Defendants expressly and repeatedly represented to community members that the PLANT and the surrounding community were safe and posed no health risks to persons living, residing, working, or otherwise present in the surrounding community.

64.     EXIDE acting by and through the individual Defendants, or with their knowledge,

consent, approval and/or ratification, knew at all times that Plaintiffs and the public relied upon healthful air, soil and groundwater. Plaintiffs and the public relied to their detriment upon EXIDE's and the individual Defendants' misrepresentations and fraud concerning the quality of their air, soil and groundwater and depended on EXIDE and the individual Defendants to provide quality and healthful air, soil and groundwater and be truthful concerning the facts related thereto.

65. The failure on the part of EXIDE and the individual Defendants, and each of them, to disclose information, suppression of information and misrepresentation of information herein alleged were made with the fraudulent intent to induce Plaintiffs and the public to act in reliance thereon. At the time these failures to disclose, suppression and misrepresentation of facts occurred, and at the time EXIDE and Defendants took the actions herein alleged, Plaintiffs and the public were ignorant of the existence of the facts which EXIDE and the individual Defendants misrepresented, suppressed and failed to disclose. Plaintiffs and the public had no reason to be aware of said facts which were fraudulently concealed and/or misrepresented by EXIDE and the individual Defendants. Had they been aware of the existence of the facts not disclosed, actively suppressed and misrepresented by EXIDE and the individual Defendants, Plaintiffs could have and would have taken measures to prevent their exposure to hazardous and/or toxic substances, they would not have continued to use the water, and they would have taken drastic measures to prevent inhalation of and exposure to said hazardous and/or toxic substances.

66. Knowing that Plaintiffs' exposure to such hazardous and/or toxic substances was ongoing and would continue until Plaintiffs were informed of the exposure, Defendants acted in conscious disregard of Plaintiffs' health and welfare when EXIDE and Defendants actively concealed from and misrepresented this information to Plaintiffs, which conduct is despicable and outrageous.

67. As a direct and proximate result of the foregoing actions by Defendants, Plaintiffs sustained injury to their financial interests and Plaintiffs were injured in their health as a result of the acts, omissions and misrepresentations of Defendants. The amount of said damages is presently unknown to Plaintiffs. Leave will be asked to amend this Complaint to state the amount of damages when ascertained or in accordance with proof at trial.

68. Defendants were aware of the injuries and damages suffered by Plaintiffs and were

aware of the risk that Plaintiffs suffered due to exposure to the contamination resulting from Defendants' ownership, maintenance, operation, supervision, inspection, management, coordination, protection or other conduct at the PLANT.

69.     Defendants' actions in fraudulently misrepresenting and deceiving Plaintiffs about the existence of such hazardous and/or toxic substances in the groundwater, surface and subsurface soil and environment, were willful, malicious, and intentional from which Plaintiffs and decedents have suffered great harm. Moreover, Defendants consistently failed to disclose to Plaintiff although required to do so, that inhalation and exposure of the skin to said hazardous and/or toxic substances were carcinogenic. Defendants' wrongful conduct was knowing and deliberate, and Defendants acted with conscious and reckless disregard of the hazards and threats to Plaintiffs. Defendants' conduct was and is willful, malicious, and intentional. Defendants have caused Plaintiffs great and irreparable harm. Plaintiffs are therefore entitled to recover punitive or exemplary damages from Defendants.

## FIFTH CAUSE OF ACTION

### NUISANCE

### (Against All Defendants)

70.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

71.     EXIDE and the individual Defendants have occupied, supervised, used, maintained and otherwise controlled the premises of the PLANT in the manner set forth previously herein, and the Defendants have used by dumping or causing to be dumped toxicants into the PLUME so as to constitute a nuisance within the meaning of *Civil Code*, §3479, in that it is injurious to Plaintiffs' health, both physical and mental; it interferes with the safe, comfortable use and enjoyment of Plaintiffs' property; it is offensive to Plaintiffs' senses; it obstructs the free use of Plaintiffs property and interferes with the safe and comfortable enjoyment of life and property.

72.     Plaintiffs and similarly-situated members of the public and the People of the State of California have repeatedly requested that EXIDE and the individual Defendants cease and/or reduce the extent of the toxic and offensive invasions of their rights to use and occupancy of their real and personal property, and have notified EXIDE and the individual Defendants of these offensive

1  invasions and EXIDE and Defendants have intentionally refused or have been unable to alter the

2  occurrences of excessive amounts of various aforementioned noxious emissions, thereby continuing to

3  cause damage to Plaintiffs as herein alleged as a private permanent nuisance.

4        73.    EXIDE and the individual Defendants have continued to maintain the nuisance and

5  continue the acts complained of, and each and every act has been without the consent, against the will,

6  and in violation of the rights of the Plaintiffs.

7        74.    Plaintiffs are informed and believe, and based thereon allege, that no method for

8  abatement/ removal of EXIDE's and the individual Defendants' toxic substances is available. EXIDE

9  and Defendants have not and cannot provide assurances of abatement of the nuisance from Plaintiffs'

10  properties or that the past, present, or future harm caused by their dumping and releasing of their toxic

11  particulate and other substances can or will be abated.

12        75.    As a proximate result of the nuisance created by EXIDE and the individual Defendants,

13  Plaintiffs have suffered and continue to suffer injuries to their persons, their mental and emotional

14  health, their earning capacities, their property and their economic interests, all as alleged herein, and

15  have suffered and continue to suffer further mental and emotional distress as a result of the diminution

16  of their property values. All of the above damages will be established according to proof.

17        76.    The aforementioned conduct of Defendants, as EXIDE's officers, directors and

18  managing agents , in intentionally and recklessly emitting dangerous and hazardous materials and

19  substances into the PLUME from the PLANT with full knowledge of the close proximity of Plaintiffs'

20  persons and properties and intentionally and recklessly allowing and continuing to allow emissions of

21  these hazardous materials and substances into Plaintiffs' property and environs was and is intended to

22  cause injury to Plaintiffs, or in the alternative, was and is willful, wanton and despicable conduct

23  carried out with a conscious disregard of Plaintiffs' rights and well-being and continues to subject

24  Plaintiffs to cruel and unjust hardship so as to justify an award of exemplary and punitive damages in

25  a sum to be determined at the time of trial.

26  / / /

27  / / /

28  / / /

## SIXTH CAUSE OF ACTION

### Trespass

### (Against All Defendants)

77.     Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

78.     EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, have occupied, supervised, used, maintained and otherwise controlled the PLANT in the manner set forth previously herein, and have emitted toxicants, as herein before alleged in detail, constitute and continue to constitute unlawful trespassory interference with, and invasions of, Plaintiffs rights to possession of their property, in that those acts were done and are done with the substantial certainty that they would result and do result in damage to others via sudden, recurring and continuing occurrences of excessively discharged emissions, and would result and do result in the entry of foreign matter, toxic substances and other intrusions onto the real property owned, leased and/or occupied or previously occupied by Plaintiffs.

79.     Plaintiffs are informed and believe, and based thereon allege, that no method for abatement/removal of the afore alleged toxic substances is available. EXIDE and Defendants have not and cannot provide assurances of abatement of the trespass from Plaintiffs' properties or that the past, present or future harm caused by their dumping and releasing of their toxicants and other substances can or will be abated.

80.     As a proximate result of the trespasses committed by the EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, Plaintiffs have suffered and continue to suffer injuries to their persons, their property and their economic interests, all as alleged herein, and have suffered and continue to suffer further mental and emotional distress as a result of the diminution of their property values. All of the above damages will be established according to proof.

81.     The aforementioned conduct of the Defendants in intentionally and recklessly emitting the aforealleged dangerous and hazardous materials and substances into the air PLUME with the knowledge that it was in the immediate vicinity of Plaintiffs' persons and properties and the

Defendants intentionally and recklessly allowing and continuing to allow emissions of these hazardous materials and substances into Plaintiffs' property and Plaintiffs' environs was and is intended to cause injury to Plaintiffs, or in the alternative, was and is willful, wanton and despicable conduct carried out with a conscious disregard to Plaintiffs' rights and well-being and subjected and continues to subject Plaintiffs to cruel and unjust hardship so as to justify an award of exemplary and punitive damages in a sum to be determined at time of trial.

## SEVENTH CAUSE OF ACTION

**Injunctive and Restitutionary Relief Pursuant to Business and Professions Code, § 17200**

**(Against All Defendants)**

82. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint and incorporate them herein by reference as though set forth in full.

83. Plaintiffs bring this cause of action on behalf of themselves and the general public, seeking equitable relief to minimize any future unhealthful chemical releases by EXIDE and the individual Defendants in the future and to require EXIDE and Defendants to disgorge all profits obtained by them through the unlawful business practices described above.

84. By committing the acts alleged above in violation of federal and state laws, EXIDE and the other Defendants have engaged, and continue to be engaged, in the unlawful or unfair business practices within the meaning of California Business and Professions Code, §17200 et seq.

85. EXIDE and Defendants profited from their unfair business practices. EXIDE's acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, poor environmental compliance and safety programs profited EXIDE and Defendants because they saved costs. Plaintiffs and the public were injured by these unfair business practices. Plaintiffs paid the price of his mental health and well-being. Plaintiffs were entitled to their physical safety which was taken from him by the unfair business practices of EXIDE and Defendants. EXIDE's and Defendants' profits and saved costs were ill-gotten.

86. Plaintiffs are informed and believe, and thereon allege, that EXIDE acting by and through the individual Defendants, or with their knowledge, consent, approval and/or ratification, have repeatedly improperly used and disposed of chemicals into the environment which have

subsequently detrimentally impacted Plaintiffs and members of the public. Plaintiffs are informed and believe, and thereon allege, that this improper conduct is directly attributable to EXIDE's and the other Defendants' pattern and practice of noncompliance with the various applicable health and safety laws, regulations and rules governing EXIDE's handling, management, storage, control and disposal of chemical substances, to EXIDE's and Defendants' pattern and practice of using inadequate or outdated equipment and to Defendants' pattern and practice of attempting to conceal environmental spills and releases, including but not limited to the long term emission of dangerous and illegal levels of arsenic and lead.

87.     Plaintiffs are informed and believe, and thereon allege, that EXIDE and Defendants have obtained profits from this business pattern and practice which they should be ordered to disgorge and that EXIDE and Defendants have obtained an unfair advantage by failing to incur the costs of compliance which are incurred by Plaintiffs, the general public, and EXIDE's and Defendants' competitors.

88.     Plaintiffs are informed and believe, and thereon allege, that the unlawful practices alleged above are continuing in nature and are widespread practices engaged in by EXIDE and Defendants.

89.     On behalf of themselves and the general public, Plaintiffs respectfully request that injunctions issue against EXIDE and the other Defendants, and each of them, to enjoin them from continuing to engage in the unlawful conduct alleged herein.

90.     On behalf of themselves and the general public, Plaintiffs respectfully requests that this Court order that EXIDE and Defendants be required to provide full restitution to Plaintiffs and to disgorge the profits they have wrongfully obtained through the use of these practices.

91.     Plaintiffs respectfully request an award of attorneys' fees upon prevailing in this request for injunctive and other relief.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and each of them pray judgment against the Defendants, and each of them, as follows:

1.   For past and future general damages, according to proof;

2.   For past and future medical and incidental expenses, according to proof;

3.   For past and future loss of earnings and/or earning capacity, according to proof;

4.   For past and future property damage, for remediation, for diminution in property value and stigma damages;

5.   For future medical monitoring costs, according to proof;

6.   For prejudgment interest;

7.   For past and future mental and emotional distress, according to proof;

8.   For punitive damages, according to proof;

9.   For loss of consortium damages, according to proof;

10.   For past and future costs of suit incurred herein;

11.   For such other and further relief as the Court deems just and proper.

DATED: July /5, 2016       GIRARDI | KEESE

By: _____
ROBERT W. FINNERTY
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby formally demands a trial by jury.

DATED: July /5, 2016       GIRARDI | KEESE

By: _____
ROBERT W. FINNERTY
Attorneys for Plaintiffs

| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On July 15, 2016, I served true copies of the following document(s) described as **FIRST AMENDED SUMMONS ON FIRST CONSOLIDATED COMPLAINT AND FIRST CONSOLIDATED COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 15, 2016, at Los Angeles, California.

Terry Yamasaki

WILLIAM W. OXLEY, ESQ.
MEGHAN ROHLING KELLY, ESQ.
NATHAN McCLELLAN, ESQ.
ANNA DO, ESQ.
DECHERT LLP
633 West 5th Street, 37th Floor
Los Angeles, California 90071-2013
- Telephone: (213) 808-5700
- Facsimile: (213) 808-5760
**Attorneys for Defendants: James R. Bolch;**
**Phillip Damaska; Ed Mopas; John Hogarth;**
**and R. Paul Hirt, Jr.**

JASON LEVIN, ESQ.
JENNIFER B. BONNEVILLE, ESQ.
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 700
Los Angeles, California 90071
- Telephone: (213) 439-9400
- Facsimile: (213) 439-9599
**Attorneys for Defendant: Exide**
**Technologies**

ROBERT J. MANDELL, ESQ.
THE MANDELL LAW FIRM
5950 Canoga Avenue, Suite 605
Woodland Hills, California 91367
- Telephone: (818) 886-6600
- Facsimile: (818) 772-9739

ROBERT K. KENT, ESQ.
LAW OFFICES OF ROBERT K. KENT
578 Washington Boulevard, Suite 830
Marina Del Rey, California 90292
- Telephone: (818) 886-6600
- Facsimile: (818) 772-9739

STEVEN WOLFSON, ESQ.
LAW OFFICES OF STEVEN WOLFSON
4766 Park Granada Boulevard, Suite 208
Calabasas, California 91302
- Telephone: (818) 225-1600
- Facsimile: (818) 225-8493

AL HOGAN, ESQ.
AMY L. VAN GELDER, ESQ.
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP
155 North Wacker Drive
Chicago, Illinois 60606
- Telephone: (312) 407-0785
- Facsimile: (312) 407-8572